**YING SHEN, Plaintiff,**

v.

**OKLAHOMA STATE DEPARTMENT OF HEALTH, Defendant.**

**No. CIV 85–294–R.**

United States District Court, W.D. Oklahoma.

June 3, 1985.

Arthur R. Angel, Oklahoma City, Okl., for plaintiff.

Robert D. Kellogg, David W. Lee, and Cynthia Caldwell Weglicki, Asst. Attys. Gen., Oklahoma City, Okl., for defendant.

**ORDER**

DAVID L. RUSSELL, District Judge.

The Defendant has filed a Motion to Dismiss contending: (1) the Plaintiff's claim pursuant to 42 U.S.C. §§ 1981 and 1983 are barred by the Eleventh Amendment, and (2) this Court is without jurisdiction to entertain the Plaintiff's claim pursuant to 42 U.S.C. § 2000e because the Right to Sue notice was improperly issued.

■ The Defendant, as an arm of the State of Oklahoma, is entitled to Eleventh Amendment immunity and is, therefore, not subject to suit in this forum on an action brought pursuant to §§ 1981 and 1983. *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). Accordingly, the Plaintiff's claims brought under these above sections are dismissed.

■ This Court has previously determined that the Right to Sue notice where a governmental agency is to be sued for discrimination must come from the office of the Attorney General, *De v. Oklahoma State Department of Health,* CIV 83–2417 (W.D.Okla. September 27, 1984) [Available on WESTLAW, DCTU database], and the ninety day filing period does not begin to run until such notice has been received from that office. The Plaintiff cites an amendment to 29 C.F.R. § 1601.28(d) which provides that the EEOC may issue the Right to Sue notice in this situation. However, this language is in conflict with the express language of the statute and, therefore, is without effect. *Woods v. State of Missouri Department of Mental Health,* 581 F. Supp. 437, 442–3 (W.D.Mo.1984). While the Court is not without jurisdiction to entertain this action, failure to comply with the requirements of Title VII precludes this action absent waiver, estoppel or equitable tolling. *See e.g., Pinkard v. Pullman-Standard,* 678 F.2d 1211 (5th Cir. 1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 954 (1983); *Jackson v. Seaboard Coast Line Railroad Co.,* 678 F.2d 992 (11th Cir.1982).

Accordingly, the Plaintiff's action is dismissed in its entirety.