Maria J. (Collins) LUGO, Plaintiff,

v.

The CITY OF CHARLOTTE, Defendant.

No. C–C–83–615–M.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Jan. 20, 1984.

Maria J. Lugo, pro se.

F. Douglas Canty, Asst. City Atty., Charlotte, N.C., for defendant.

ORDER

McMILLAN, District Judge.

On August 3, 1983, Maria J. Lugo filed this suit, *pro se*, against the City of Charlotte, alleging that she had been discriminated against on the basis of her race, in violation of 42 U.S.C. §§ 1981 and 1983,

and of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* By order dated August 1, 1983, Lugo was permitted to file *in forma pauperis,* and it thereby became the duty of the officers of the court to issue and serve all process. 28 U.S.C. § 1915(c).

On November 30, 1983, the court heard argument on defendant's motion to dismiss the Title VII claim on the basis of (a) insufficient service of process and (b) lack of subject matter jurisdiction—allegedly because plaintiff had not received a right-to-sue letter from the Attorney General of the United States. The court also heard argument on defendant's statute of limitation defense to the claims based on 42 U.S.C. §§ 1981 and 1983.

### I. 42 U.S.C. §§ 1981 and 1983

These claims should be dismissed.

■ Since there is no federal statute of limitation governing these sections, the appropriate limitation period is the most relevant period provided by state law. *Johnson v. Railway Express Agency,* 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975) (re: 42 U.S.C. § 1981); *Board of Regents v. Tomanio,* 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980) (re: 42 U.S.C. § 1983). The most relevant period provided by North Carolina law is N.C.G.S. § 1–52(2), which imposes a three-year limitation period "upon a liability created by statute, either state or federal, unless some other time is mentioned in the statute creating it." *See, e.g., Wilson v. Continental Group, Inc.,* 451 F.Supp. 1 (M.D.N.C.1978) (re: 42 U.S.C. § 1981); *Gardner v. King,* 464 F.Supp. 666 (W.D.N.C.1979) (re: 42 U.S.C. § 1983).

■ The latest act by defendant of which plaintiff complains occurred some time in 1978. This suit was filed in August 1983. Therefore, plaintiff's claims based on 42 U.S.C. §§ 1981 and 1983 are barred.

### II. Title VII

This claim should not be dismissed.

Defendant argues that the suit should not go forward (a) because defendant was never properly served, and (b) because the plaintiff never received a right-to-sue letter from the United States Attorney General. Therefore, defendant contends, this court has no subject matter jurisdiction.

### A. Service of Process

■ Although defendant has had ample notice of everything filed in this case, affidavits filed by the defendant make it clear that proper service was never completed. Proper service, absent a waiver by the defendant, is a necessary element of due process. Since defendant has indicated that it demands proper service, and since it has gone to great pains and great expense to preserve the issue, the case will not progress until defendant has been properly served.

Federal Rule of Civil Procedure 4(d)(6) states that service may be properly completed upon a municipal corporation in the manner prescribed by state law. N.C.G.S. § 1A–1, Rule 4(j)(5)a., states that service upon a city may be properly completed "by mailing a copy of the summons and of the complaint, ... certified mail, return receipt requested, addressed to [the city's] mayor, city manager or clerk."

The court, therefore, will issue and serve process on the defendant pursuant to 28 U.S.C. § 1915(c) and Federal Rule of Civil Procedure 4(d)(6) and N.C.G.S. § 1A–1, Rule 4(j)(5)a., and the case will not be dismissed for insufficient service of process.

### B. Subject Matter Jurisdiction

Defendant argues that this court has no subject matter jurisdiction over this case because, although the plaintiff has received a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC), she has not received a right-to-sue letter from the United States Attorney General.

The language of 42 U.S.C. § 2000e–5(f)(1) requires plaintiff first to obtain a right-to-sue letter from the Attorney General because this is a suit against a

"government, governmental agency, or political subdivision."

■ The fact that plaintiff has not received a right-to-sue letter from the Attorney General does not, as the defendant asserts, however, deprive this court of subject matter jurisdiction. Courts which have considered the question have held "that receipt of a right-to-sue letter is a condition precedent to a Title VII claim rather than a jurisdictional prerequisite." *Pinkard v. Pullman-Standard*, 678 F.2d 1211, 1215 (5th Cir. Unit B 1982). *See also Fouche v. Jekyll Island-State Park Authority*, 713 F.2d 1518 (11th Cir.1983); *Jackson v. Seaboard Coast Line Railroad Co.*, 678 F.2d 992 (11th Cir.1982); *Rice v. New England College*, 676 F.2d 9 (1st Cir.1982).

Therefore, this court does have subject matter jurisdiction of this case.

Since the requirement is not jurisdictional, principles of equity may allow modification of the requirement. *Fouche*, 713 F.2d at 1524. The facts of this case support an equitable modification of the requirement of a right-to-sue letter from the Attorney General.

Plaintiff is pursuing this action *pro se*. She filed a timely claim before the EEOC, and the claim was denied. In its April 29, 1983 dismissal of the claim, the EEOC informed plaintiff that

> If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in United States District Court. IF YOU DECIDE TO SUE, YOU MUST DO SO WITHIN NINETY (90) DAYS FROM THE RECEIPT OF THIS NOTICE OF RIGHT TO SUE; OTHERWISE YOUR RIGHT TO SUE IS LOST.

The notice said nothing about the need for a right-to-sue letter from the Attorney General; it said to file within ninety days or the right to sue would be lost.

Even if plaintiff had known about the requirement of a right-to-sue letter from the Attorney General, and if plaintiff had requested such a letter from the Attorney General, it would have been of no avail.

The court takes judicial notice (*see* 44 U.S.C. §§ 1507 and 1510) of the language of 29 C.F.R. § 1601.28(d), which states, in relevant part:

> Notices of right-of-sue [sic] for charges against Governmental respondents. In all cases where the respondent is a government, governmental agency, or a political subdivision, the COMMISSION will issue the notice of right to sue WHEN THERE HAS BEEN A DISMISSAL OF A CHARGE.... IN ALL OTHER CASES where the respondent is a government, governmental agency, or political subdivision, the Attorney General will issue the notice of right to sue ....

(Emphasis added.)

Thus, although the statute requires a right-to-sue letter from the Attorney General, the regulations assign that responsibility to the EEOC when the EEOC has dismissed the charge. Plaintiff is therefore in a Catch-22 situation: The statute requires her to get a letter from the Attorney General, but the regulations prevent her from getting that letter.

■ Defendant argues, finally, that equity should not allow plaintiff to bring her case in this court because the EEOC indicated, by checking a box in a printed form, that plaintiff's claim was denied because:

> /x/ You failed to provide requested necessary information, failed or refused to appear or be available for necessary interviews/conferences *or* otherwise refused to cooperate to the extent that the Commission has been unable to resolve your charge. You have had more than 30 days in which to respond to our final written request.

(Emphasis added.)

That argument is not persuasive. The purpose of a right-to-sue letter in federal court in these cases is to give the grievant a *de novo* review of her complaint. The Commission's resolution of the complaint, on the grounds stated in the alternative by

the Commission, should not work to deny the grievant her right to sue in this court.

Plaintiff has done everything she can reasonably be expected to do. Although the court could require plaintiff to request a right-to-sue letter from the Attorney General, *cf. Fouche,* 713 F.2d at 1526 (plaintiff unsuccessfully tried to get Attorney General letter, then court made equitable modification of the statute), such an exercise would serve no purpose except to waste even more time.

For the foregoing reasons

IT IS HEREBY ORDERED:

(1) That the claims based on 42 U.S.C. §§ 1981 and 1983 are DISMISSED; and

(2) That the motion to dismiss the Title VII claim is DENIED.

(3) The Clerk will issue and order service of process as stated herein.