**Doris J. THAMES, a/k/a Doris Thames, Plaintiff,**

**v.**

**OKLAHOMA HISTORICAL SOCIETY, et al., Defendants.**

**No. CIV-85-1138-E.**

United States District Court, W.D. Oklahoma.

Sept. 9, 1985.

**14**

Steven M. Angel, Hughes & Nelson, Oklahoma City, Okl., for plaintiff.

Thomas Williams, Guthrie, Okl., Michael C. Turpen, Atty. Gen., Cynthia Weglicki, Asst. Atty. Gen., Oklahoma City, Okl., for defendants.

## ORDER

EUBANKS, District Judge.

This matter comes before the court on the defendants' Motion to Dismiss the plaintiff's Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure.

The Complaint alleges that the defendants, Oklahoma Historical Society and its agent and employee, Fred A. Olds, have violated the plaintiff's rights under 42 U.S.C. § 1981 and 42 U.S.C. § 2000e. The Complaint alleges a third cause of action for the intentional infliction of emotional distress. The Complaint does not plead any cause of action pursuant to 42 U.S.C. § 1983 as the plaintiff's response brief suggests.

The defendants challenge the Complaint on the grounds that: 1.) the claim based on 42 U.S.C. § 1981 is barred by the Eleventh Amendment; 2.) this court is without subject matter jurisdiction to hear the claim based on 42 U.S.C. § 2000e as the Right to Sue Notice was improperly issued; and 3.) the plaintiff has failed to state a claim for intentional infliction of emotional distress under Oklahoma law which requires that the conduct supporting such a claim be "extreme and outrageous".

## § 1981 CLAIM

The question of a state's Eleventh Amendment immunity from a § 1981 claim for retroactive monetary relief is not a novel issue. The law is clear that "a suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Quern v. Jordan,* 440 U.S. 332, 337, 99 S.Ct. 1139, 1143, 59 L.Ed.2d 558 (1979); *Ying Shen v. Oklahoma State Department of Health,* 647 F.Supp. 189 (W.D.Okla.1985). This immunity extends to an agency of the state and cannot be waived except by the most express language or overwhelming implications from the text of the statute creating the agency such that no other construction is possible. *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 1360, 39 L.Ed.2d 662 (1974); *Florida Department of Health and Rehabilitative Services v. Florida Nursing Home Association,* 450 U.S. 147, 150, 101 S.Ct. 1032, 1034, 67 L.Ed.2d 132, *reh. denied,* 451 U.S. 933, 101 S.Ct. 2008, 68 L.Ed.2d 319 (1981).

The plaintiff contends that the defendant Oklahoma Historical Society is a corporation which develops its own funds, seperate and distinct from state funds. The plaintiff apparently realizes that the ultimate goal of Eleventh Amendment immunity is to shield the state treasury from unexpected expenses. The plaintiff also contends that the Oklahoma Historical Society has purchased liability insurance. These facts, the plaintiff contends, are an indication that the Oklahoma Historical Society has waived its right to Eleventh Amendment immunity. These contentions are without merit.

With respect to the purchase of liability insurance only two points need to be addressed to resolve this issue:

1.) The plaintiff cites *Schrom v. Oklahoma Industrial Development,* 536 P.2d

904 (1975), as support for the contention that the purchase of liability insurance may constitute a waiver of sovereign immunity. This contention is correct. However, *Schrom* is not relevant to the issue of waiver of Eleventh Amendment immunity.

2.) Eleventh Amendment immunity cannot be equated with the limited defense of sovereign immunity provided by state courts. The Eleventh Amendment is a jurisdictional hurdle which federal courts must overcome in those situations where a state is being sued by its citizen. *Edelman v. Jordan,* 415 U.S. 651, 677–678, 94 S.Ct. 1347, 1362–63, 39 L.Ed.2d 662 (1974). In this regard Oklahoma law is in obeyance. In *Nichols v. Department of Corrections,* 631 P.2d 746 (1981), the Oklahoma Supreme Court distinguished the *Schrom* case, which involved an implied waiver of sovereign immunity to a tort action, from those cases where Eleventh Amendment immunity is at issue. Both *Schrom* and *Nichols* presented the question of whether the purchase of liability insurance, pursuant to state statute, could imply that the state had waived its immunity from suit. In *Nichols* the Court held, upon certified question from this court, that *Schrom* was not broad enough to be read as an indication that the state's immunity from suit in federal court granted by the Eleventh Amendment could be waived by implication in state court. *Id.* at 750. Upholding *Edelman v. Jordan, supra,* the Court stated: "A waiver of the 11th Amendment should not be implied without clear evidence of State Legislative intent." *Id.* The Court then adopted the requirement of an express waiver of Eleventh Amendment immunity as set forth in *Edelman v. Jordan. Id.* at 750.

Federal courts should examine the powers and characteristics of the particular entity in question as created by state law to determine whether in reality the state is being sued. Similarly, whether the entity is treated as seperate and distinct by state courts should be considered. *See generally, Jacintoport Corp. v. Greater Baton Rouge Port Commission,* 762 F.2d 435, 438–439 (5th Cir.1985). We have reviewed the Oklahoma statutes with respect to the creation, powers and duties of the Oklahoma Historical Society and Oklahoma decisional law. We cannot find any indication that the State of Oklahoma has relinquished control over the Oklahoma Historical Society in such a manner as to constitute an express waiver of Eleventh Amendment immunity.

The relevant Oklahoma statutes provide that the Oklahoma Historical Society is empowered by the state to operate and manage historical sites to accommodate the public and for the benefit of the public. 53 O.S.A. (1981) § 2A(1)(h). The Oklahoma Historical Society may impose reasonable fees for its many services and may incorporate under Oklahoma law for administrative convenience. *Id.* However, these factors are not an indication that the Oklahoma Historical Society is engaged in a private enterprise which is seperate and distinct from the state of Oklahoma.

■ Further, a revolving fund was created by statute which consists of all money appropriated to the Oklahoma Historical Society and all money received through membership sales, sales of merchandise and other income derived from operations of the Oklahoma Historical Society. 53 O.S.A. (1981) § 19. Again, this is not an indication of private enterprise. Although the statutes give control and management of the fund to the Oklahoma Historical Society, this control is actually an illusion. All expenditures from the fund must be approved by the Director of State Finance and a warrant issued by the State Treasurer. *Id.*

The statutes clearly express the control exerted by the state over the operations of the Oklahoma Historical Society; even to the extent of imposing limitations upon the dispensation of funds, who Oklahoma Historical Society may contract with for the preservation of historical sites and the extent to which the Oklahoma Historical Society may obligate the general fund of the State Treasury. 53 O.S.A. (1981) §§ 2A(1)(f), 20.10.

The Oklahoma Historical Society, as an arm of the State of Oklahoma, is entitled to Eleventh Amendment immunity and is, therefore, not subject to suit in this forum on an action brought pursuant to § 1981. Additionally, the complaint is couched in language which indicates that defendant Fred A. Olds is being sued as an "agent and employee" of the Oklahoma Historical Society. (Complaint, para. 8) An action, although filed against an agency official, which is seeking funds from the state treasury is likewise barred by Eleventh Amendment immunity as the state is the real party in interest. *Ford Motor Co. v. Treasury Department of Indiana,* 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389, 394 (1945).

Accordingly, the plaintiff's claim brought pursuant to 42 U.S.C. § 1981 against the Oklahoma Historical Society and Fred A. Olds is HEREBY DISMISSED.

### § 2000e CLAIM

 This court has previously ruled that in all actions where a governmental agency is involved the Right to Sue Notice must come from the office of the Attorney General. *Ying Shen v. Oklahoma State Department of Health,* 647 F.Supp. 189 (W.D.Okla.1985); *De v. Oklahoma State Department of Health,* No. CIV–83–2417 (W.D.Okla. September 27, 1984). The Right to Sue Notice in this case was issued by the Equal Employment Opportunity Commission. The plaintiff's contention that this is a procedural defect which should not bar the plaintiff's action is without merit. Receipt of a Right to Sue Notice is not jurisdictional. However, it is expressly required by the statute and furthers the goals of the Civil Rights Act as remedial legislation by bringing the reluctance of governmental agencies to comply with Title VII to the attention of the Attorney General. Therefore, it precludes this action in the absence of waiver, estoppel or equitable tolling. *Woods v. State of Missouri Department of Mental Health,* 581 F.Supp. 437, 442–443 (W.D.MO 1984); *Ying Shen v. Oklahoma*

*State Department of Health,* 647 F.Supp. 189 (W.D.Okla.1985).

Accordingly, the plaintiff's claim brought pursuant to 42 U.S.C. § 2000e against the Oklahoma Historical Society and Fred A. Olds is HEREBY DISMISSED.

### EMOTIONAL DISTRESS CLAIM

The plaintiff's claims brought pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 2000e have been dismissed. This court is therefore lacking the requisite ancillary jurisdiction to hear the plaintiff's claim based on the intentional infliction of emotional distress and this claim is likewise DISMISSED.

Accordingly, the plaintiff's action is dismissed in its entirety.