**Maxine Gonzales TOWNSEND, Plaintiff,**

v.

**The STATE OF OKLAHOMA ex rel. OKLAHOMA MILITARY DEPARTMENT, Defendant.**

**No. CIV–90–383–P.**

United States District Court, W.D. Oklahoma.

March 12, 1991.

John B. Estes and Kevin L. Miller, Stipe, Gossett, Stipe, Harper, Estes, McCune & Parks, Oklahoma City, Okl., for plaintiff.

Robert H. Henry, Atty. Gen. of Oklahoma, and Sharon K. Oroke, Asst. Atty. Gen., Oklahoma City, Okl., for defendant.

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING DEFENDANT LEAVE TO CORRECT ERROR IN CAPTION**

PHILLIPS, District Judge.

In this Title VII action, the plaintiff, Maxine Gonzales Townsend ("Townsend"), claims that the Oklahoma Military Department ("OMD") rejected her application for a job as a shop foreman because she is a woman. In a motion to dismiss pursuant to Rule 12(b), the State of Oklahoma ("the state") has urged the Court to dismiss the action: (1) because Townsend has failed to satisfy a statutory condition precedent to suing a governmental entity; (2) because Townsend has not stated a claim upon which relief can be granted; (3) because the Court lacks personal jurisdiction; and (4) because of insufficient process.[1]

1. A brief procedural history of the motion and case: Townsend filed the complaint on Mar. 8, 1990; the state filed a motion to dismiss on Apr. 9, 1990; Townsend on Apr. 23, 1990, filed a request to have the case placed on administrative closing; the Court on Apr. 24, 1990, placed the case on administrative closing; at the state's request, the Court on Feb. 5, 1991, vacated the administrative closing; the state on Feb. 8, 1991, amended the pending motion to dismiss; on Feb. 25, 1991, Townsend filed a response to the motion to dismiss.

As a statutory condition precedent to a Title VII lawsuit against a governmental agency, a plaintiff is required to obtain a right-to-sue letter from the attorney general. The requirement is subject to equitable doctrines including waiver, estoppel, or modification. The Court is waiving the requirement because the attorney general has refused to issue the letter despite Townsend's diligent attempt to comply with the statute.

## I. STANDARDS FOR DISMISSALS UNDER RULE 12(b)(6)

The dismissal of a claim under Rule 12(b)(6) is a harsh remedy that a court should grant rarely. A court should grant a motion to dismiss only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim. *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976). In the context of a motion to dismiss, a court must construe the challenged pleadings in the light most favorable to the plaintiff, must accept as true all well-pleaded factual allegations and all reasonable inferences therefrom, and may disregard all conclusory allegations. *Id.; see generally Gilbreath v. Phillips Petroleum Co.*, 526 F.Supp. 657, 659 (W.D.Okla.1980) (motions to strike are not favored by the courts). Leave to amend pleadings shall be given freely when justice so requires. Fed. R.Civ.P. 15(a). Appellate courts urge caution regarding motions to dismiss; the Tenth Circuit has expressed a strong predisposition by the judicial system to resolve cases on the merits. *E.g., Hancock v. City of Okla. City*, 857 F.2d 1394, 1395–96 (10th Cir.1988); *Meade v. Grubbs*, 841 F.2d 1512, 1520–21 n. 7 (10th Cir.1988).

## II. FAILURE TO SATISFY CONDITION OF 2000e–5(f)(1)

The Justice Department has refused to give Townsend the right-to-sue letter that she would need in order to comply strictly with a statutory requirement for bringing a Title VII claim against a governmental entity. Townsend obtained a right-to-sue letter from the Equal Employment Opportunity Commission ("the EEOC").[2] After the state moved to dismiss the lawsuit, Townsend sought unsuccessfully to obtain a right-to-sue letter from the attorney general.[3] An assistant attorney general notified Townsend's counsel that under federal regulations the EEOC rather than the Justice Department must issue any right-to-sue letter in the case.[4] In summa-

---

**2.** Complaint para. 6. Although Townsend has not filed a copy of the letter, the Court has viewed the allegation in the complaint as true for purposes of the motion.

**3.** At the plaintiff's request, and without objection, the Court placed the case on administrative closing in order to enable Townsend to attempt to obtain a right-to-sue letter from the attorney general. In the application for an administrative closing, Townsend's attorney explained:

Since the filing of the [state's motion to dismiss], Plaintiff's counsel has been in contact with the local office for the Equal Employment Opportunity Commission ("EEOC") and has been advised by Richard Henson, supervisor for the EEOC, that the EEOC, through inadvertence and oversight, improperly issued the right to sue letter and failed to transmit Plaintiff's claim to the United States Attorney General's office. Plaintiff's counsel has been advised by Mr. Henson that Plaintiff's claim will be submitted to the United States Attorney General for a right to sue letter.

Application for Administrative Closing para. 2, at 1–2 (filed Apr. 23, 1990).

After the EEOC dismissed the claim, Townsend requested a right-to-sue letter from the Justice Department. Plaintiff's Response to De-

fendant's Amended Motion to Dismiss at 3 (filed Feb. 25, 1991) [hereinafter Plaintiff's Response].

**4.** The relevant portion of the Justice Department official's letter:

A document enclosed with your correspondence indicates that the Equal Employment Opportunity Commission (EEOC) issued a notice of right-to-sue to your client on this matter on April 25, 1990 when it dismissed the charge on the cited ground of no jurisdiction. This notice of right-to-sue was issued in accordance with the procedural regulations of the EEOC. See 29 CFR Section 1601.28(d). In all instances where there is a dismissal of a charge against a government, governmental agency or political subdivision, *the EEOC rather than the Attorney General (Department of Justice) issues the notice of right-to-sue.*

Letter from John R. Dunne to Kevin Miller (Nov. 9, 1990) (attached as Exhibit A to Plaintiff's Response) (emphasis added).

The relevant portion of 29 C.F.R. § 1601.28(d) provides:

Notices of right-to-sue for charges against Governmental respondents. In all cases where the respondent is a government, governmental agency, or a political subdivision,

ry, the regulations prevent Townsend from obtaining a letter that the statute requires her to obtain in order to pursue her claim in federal court.[5]

### A. Requirement of Attorney General's Right–to–Sue Letter

Obtaining a right-to-sue letter from the attorney general is a statutory condition precedent to pursuing a Title VII claim against a governmental agency. Under the interpretation that the Tenth Circuit has adopted, the language of § 2000e–5(f)(1) *requires* a plaintiff to obtain a right-to-sue letter from the *attorney general* before bringing a claim against a government agency.[6] Courts have construed the procedural requirement as a condition precedent to filing a claim against a governmental agency, not as a prerequisite to federal jurisdiction.[7] As a result, a federal court is not without jurisdiction if the plaintiff has not been able to obtain the appropriate right-to-sue letter. A Title VII plaintiff who cannot satisfy the requirement may avoid dismissal by establishing one of the available equitable doctrines. *Thames v. Oklahoma Historical Soc'y*, 646 F.Supp. 13, 16 (W.D.Okla.1985), *aff'd per curiam*, 809 F.2d 699 (10th Cir.1987).

By failing to obtain a right-to-sue letter from the attorney general, Townsend has not satisfied one of the conditions precedent to bringing a Title VII claim against a state agency.

### B. Entitlement to Equitable Relief

Townsend has asked the Court to waive the statutory requirement because, despite her diligent efforts to comply with the letter of the statute, the attorney general has

---

the Commission will issue the notice of right to sue *when there has been a dismissal of a charge.*
*Id.* (emphasis added). The regulation is relevant because the EEOC dismissed Townsend's complaint.

5. Concerning the situation that Townsend faces, one court observed:
[A]lthough the statute requires a right-to-sue letter from the Attorney General, the regulations assign that responsibility to the EEOC when the EEOC has dismissed the charge. Plaintiff is therefore in a Catch–22 situation: The statute requires her to get a letter from the Attorney General, but the regulations prevent her from getting that letter.
*Lugo v. City of Charlotte*, 577 F.Supp. 988, 990 (W.D.N.C.1984).

6. *Thames v. Oklahoma Historical Soc'y*, 646 F.Supp. 13, 16 (W.D.Okla.1985), *aff'd per curiam*, 809 F.2d 699 (10th Cir.1987).
The relevant part of 42 U.S.C. § 2000e–5(f)(1) provides:
If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, *or the Attorney General in a case involving a government,*

*governmental agency, or political subdivision,* shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice.
*Id.* (emphasis added).
The majority interpretation of the highlighted language is that it authorizes only the attorney general to issue the right-to-sue letter necessary as a prerequisite to bringing a Title VII claim against a governmental entity. *See, e.g., Ying Shen v. Oklahoma State Dep't of Health*, 647 F.Supp. 189, 189 (W.D.Okla.1985) (right-to-sue notice from attorney general required to sue governmental agency under Title VII).
Under an alternative view, the statute requires the attorney general to give notice only in cases in which the EEOC has found reasonable cause to believe the charge against the governmental entity, but has taken no action. *Flint v. California*, 594 F.Supp. 443, 448 (E.D.Cal.1984). The viewpoint holds that courts have been overly influenced by abandoned EEOC regulations that authorized only the attorney general to notify plaintiffs of their right to sue in claims against governmental entities. *Id.* at 446.

7. *Thames*, 646 F.Supp. at 16 ("Receipt of a Right to Sue Notice is not jurisdictional."). *See also Fouche v. Jekyll Island–State Park Auth.*, 713 F.2d 1518, 1525 (11th Cir.1983) ("all Title VII procedural requirements to suit are ... viewed as conditions precedent to suit rather than as jurisdictional requirements.").

refused to issue to her a right-to-sue letter.[8] The state has argued that Townsend's reasons for requesting equitable relief from the requirement are insufficient.

By applying the equitable doctrines, a court may avoid dismissing a Title VII plaintiff's suit against a governmental entity for failure to obtain an appropriate right-to-sue letter.[9] Relief from the requirement may be possible under equitable doctrines including waiver, modification, and estoppel.[10] While the Tenth Circuit has not yet provided specific guidance for applying the equitable doctrines to § 2000e–5(f)(1), other courts have waived the requirement in cases in which a plaintiff has attempted unsuccessfully to obtain a letter from the attorney general.[11]

Townsend has presented a persuasive argument that the Court should waive the requirement because she has complied with the statute except for a condition that is beyond her control. The EEOC processed and denied Townsend's complaint. The EEOC issued to Townsend a right-to-sue letter. In addition, Townsend has taken the futile step of requesting a right-to-sue letter from the attorney general; the effort was a waste of time, and needlessly has delayed the litigation for nearly a year. Townsend is entitled to equitable relief because she has complied with the statute except for one condition, obtaining a letter from the attorney general that no longer is obtainable in cases such as hers.[12] Town-

8. In support of the argument, Townsend has traced the steps that she has taken to attempt to obtain the letter. *See supra* notes 2–4 and accompanying text.

9. *Thames,* 646 F.Supp. at 16. While the *Thames* decision recognized the availability of equitable relief, the trial court did not discuss the reasons why waiver of the requirement was inappropriate in the case. The entire portion of the *Thames* decision concerning the dismissal of the § 2000e claim:

> This Court has previously ruled that in all actions where a governmental agency is involved the Right to Sue Notice must come from the office of the Attorney General. The Right to Sue Notice in this case was issued by the Equal Employment Opportunity Commission. The plaintiff's contention that this is a procedural defect which should not bar the plaintiff's action is without merit. Receipt of a Right to Sue Notice is not jurisdictional. However, it is expressly required by the statute and furthers the goals of the Civil Rights Act as remedial legislation by bringing the reluctance of governmental agencies to comply with Title VII to the attention of the Attorney General. Therefore, *it precludes this action in the absence of waiver, estoppel or equitable tolling.*

> *Id.* at 16 (citations omitted) (emphasis added).

10. *See Thames,* 646 F.Supp. at 16. The listing in *Thames* of the available equitable relief, "waiver, estoppel or equitable tolling," is identical to the Supreme Court's list of equitable relief available in cases involving a plaintiff's failure to file with the EEOC a timely charge of discrimination. *See Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982).

In cases in which plaintiffs have been unable to obtain right-to-sue letters from the attorney general, the courts have placed various labels on the equitable relief available. For example, one

of the decisions cited in *Thames* listed the available relief as "waiver, modification or estoppel." *Woods v. Missouri Dep't of Mental Health,* 581 F.Supp. 437, 443 (W.D.Mo.1984).

11. *See Solomon v. Hardison,* 746 F.2d 699, 702 (11th Cir.1984) (waiver appropriate because plaintiff demonstrated he was unable to obtain right-to-sue letter from the attorney general); *Fouche,* 713 F.2d at 1526 (court waived requirement because plaintiff "diligently attempted to obtain the required notice"). *See also Hladki v. Jeffrey's Consol., Ltd.,* 652 F.Supp. 388, 393 (E.D.N.Y.1987) (courts have granted equitable modification if attorney general refused to issue right-to-sue letter).

12. As another court stated, the equitable premise of such a ruling is that "a plaintiff cannot be responsible for the acts or omissions of the EEOC or Attorney General and should therefore not be penalized for them." *Fouche,* 713 F.2d at 1526 n. 11.

Some courts have imposed a requirement that a plaintiff diligently must attempt to obtain a right-to-sue letter from the attorney general in order to be entitled to equitable relief.

In cases involving *pro se* plaintiffs, some courts have not required an attempt to obtain a letter from the attorney general. *See, e.g., Dillard v. Rumph,* 584 F.Supp. 1266, 1268 (N.D.Ga. 1984) (requirement waived because plaintiff had filed action *pro se* based upon EEOC instructions); *Woods,* 581 F.Supp. at 443–44 (requirement waived because *pro se* plaintiff "merely followed" EEOC's directions in filing complaint); *Lugo,* 577 F.Supp. at 990–91 (requiring *pro se* plaintiff to request letter from attorney general would be a waste of time).

In a *pro se* case, the reasons for waiving the requirement may seem more compelling than in other cases because the plaintiff has relied upon instructions provided by the EEOC rather than

send should not be penalized merely because the attorney general routinely refuses to issue right-to-sue letters.[13]

### III. FAULTY PLEADING AND SERVICE CONTENTIONS

■ The state contends that the complaint should be dismissed because Townsend neither has clearly identified the defendant nor properly has served a defendant. The state argues that because the action is not an *ex relatione* suit as indicated in the caption, the complaint does not clearly identify a defendant. The state contends that the erroneous caption makes it unclear whether Townsend is suing the OMD or the state or both.[14] In response, Townsend explains that the OMD is the defendant.[15] The state has not explained in detail its insufficient process contention.[16]

■ The error in the caption is not a fatal defect. In general, the allegations in the body of a complaint, not the names in a caption, determine the parties to a lawsuit. *See, e.g., Greenwood v. Ross,* 778 F.2d 448, 452 (8th Cir.1985) (caption not controlling in determining parties). As the state argues correctly, the suit is not an *ex relatione* action. Based upon Townsend's statement to the Court that the OMD is the defendant, the caption arguably is misleading. However, the body of the complaint adequately identifies the OMD as the defendant.[17] The state has not cited any authority to support its theory that the Court should dismiss the complaint because of a defective caption; the Federal Rules of Civil Procedure and the decisional law follows a contrary philosophy. However, as a clerical matter, the plaintiff should amend the caption to identify clearly the defendant.

### IV. CONCLUSION

As a result of the attorney general's refusal to issue a right-to-sue letter, Townsend is entitled to equitable relief from the statutory condition that she obtain such a letter. Townsend has demonstrated that she made a diligent effort to comply with the letter of the statute. The current federal regulations that prevent Townsend from obtaining a right-to-sue letter from the attorney general are beyond her control.

Pursuant to Rule 15(a), the Court is granting Townsend leave to correct the caption. Any amendment to the caption shall be filed promptly, and no later than March 22, 1991.

---

upon an attorney. However, as Townsend's case shows, a right-to-sue letter from the attorney general is equally unobtainable by a party with an attorney and a party proceeding *pro se.*

**13.** The type of relief that the Court is granting to the plaintiff probably is best characterized as an equitable modification; essentially, the Court is modifying the statutory requirement. *See Fouche,* 713 F.2d at 1526 (where attorney general refused to issue letter, facts warranted "equitable modification of the statutory requirement"). *See also Hladki,* 652 F.Supp. at 393 (courts have granted equitable modification of statutory requirement if attorney general refused to issue right-to-sue letter).

**14.** The state has argued: "Plaintiff states that she is suing someone or some thing named 'The State of Oklahoma, *ex rel.* Oklahoma Military Department.'" Brief in Support of Amended Motion to Dismiss at 1 (filed Feb. 8, 1991). The state has identified the general bases of the argument as Rule 12(b)(2), (6), and (4). The relevant portion of the rule:

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, crossclaim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except ... (2) lack of jurisdiction over the person ... (4) insufficiency of process ... (6) failure to state a claim upon which relief can be granted...."

Fed.R.Civ.P. 12(b)(2), (4), (6).

**15.** Townsend's counsel explained: "When this action was commenced, it was intended to be brought against the OMD." Plaintiff's Response at 1.

**16.** The file indicates that Townsend requested service by certified mail on Adjutant General Donald Ferrell of the OMD. Praecipe for Summons (filed March 9, 1990). The file contains no record that service has been obtained. The situation suggests several possible grounds for the motion. However, the Court will decline to craft an argument for the state.

**17.** The complaint states: "Defendant Oklahoma Military Department is a state agency of the State of Oklahoma...." Complaint para. 3 (filed March 8, 1990).

The motion to dismiss is hereby DENIED.

IT IS SO ORDERED.