**PUBLISH**

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

**MAY 6 2003**

**PATRICK FISHER**
**Clerk**

WILLA D. HILLER,

      Plaintiff - Appellant,

v.

STATE OF OKLAHOMA, ex rel., Used
Motor Vehicle and Parts Commission,

      Defendant - Appellee.

————————————————

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

      Amicus Curiae.

No. 01-6402

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. No. CIV-00-2145-A)**

Jeffrey A. Lee of Lee Freedman & Wells, P.C., Oklahoma City, Oklahoma, for
Plaintiff-Appellant.

Anne Noel Occhialino, Attorney (Nicholas M. Inzeo, Acting Deputy General
Counsel; Philip B. Sklover, Associate General Counsel; and Carolyn L. Wheeler,
Assistant General Counsel, with her on the brief), United States Equal
Employment Opportunity Commission, Washington, D.C., for Amicus Curiae.

Scott D. Boughton, Assistant Attorney General, Office of the Attorney General,
State of Oklahoma, Oklahoma City, Oklahoma, for Defendant-Appellee.

Before **SEYMOUR** and **McCONNELL**, Circuit Judges, and **KRIEGER**,[*] District Judge.

**SEYMOUR**, Circuit Judge.

Willa Hiller currently finds herself in a catch-22 situation, caught between the requirements of Title VII and the federal regulations formalizing a work-sharing agreement between the Equal Employment Opportunity Commission (EEOC) and the Department of Justice (DOJ). Ms. Hiller brought this action against the State of Oklahoma, contending her discharge by the Used Motor Vehicle & Parts Commission violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The district court granted the state's motion for summary judgment based on Ms. Hiller's failure to obtain a right-to-sue letter from the Attorney General of the United States. We reverse and remand.

**I**

In order to pursue her employment discrimination claim against the state, Ms. Hiller timely filed a charge of discrimination with the EEOC. The EEOC

[*]The Honorable Marcia S. Krieger, United States District Judge, District of Colorado, sitting by designation.

subsequently issued her a Dismissal and Notice of Rights letter which advised her it was dismissing her charge and that she had ninety days to file a lawsuit in federal district court.[1] There was no indication in this notice that a complainant must obtain a duplicate letter from the Attorney General, nor was there any indication that the ninety days would run from receipt of any other letter.

On December 29, 2000, Ms. Hiller timely filed this action against the State of Oklahoma under Title VII. On October 9, 2001, the State of Oklahoma filed a motion for summary judgment, contending Title VII requires Ms. Hiller to obtain a right-to-sue letter from the Attorney General before filing suit and that her failure to do so entitled the state to judgment as a matter of law. *See* 42 U.S.C. § 2000e-5(f)(1). In response, Ms. Hiller's counsel wrote to the EEOC requesting rescission of its letter in order that the Attorney General might issue the letter instead. On October 16, Ms. Hiller's counsel received a letter from the EEOC advising him that the EEOC's notice was properly issued pursuant to 29 C.F.R. § 1601.28(d), and declining to rescind its previous notice to Ms. Hiller. On October

---

[1] The checked portion of the Notice of Suit Rights states:
This is your NOTICE OF RIGHT TO SUE, which terminates the Commission's processing of your charge. If you want to pursue your charge further, you have the right to sue the Respondent(s) named in your charge in U.S. District Court. If you decide to sue, you must sue WITHIN 90 DAYS from your receipt of this Notice; otherwise your right to sue is lost.
Aplt. Appx. at 12 (emphasis omitted).

17, Ms. Hiller's counsel wrote to the supervisor of the Right to Sue Unit of the DOJ, requesting issuance of a Notice of Right to Sue and enclosing the response he had received from the EEOC. Not surprisingly, due to events occurring at that time in Washington, D.C. in the aftermath of the airplane attack on the Pentagon, Ms. Hiller's counsel had not received a response to this letter by November 2, when the district court issued its order granting defendant's motion for summary judgment. We note, however, that counsel's letter to the DOJ was in the record before that order was issued.

The district court determined that under *Thames v. Okla. Hist. Soc.*, 646 F. Supp. 13, 16 (W.D. Okla. 1985), *aff'd per curiam*, 809 F.2d 669, 700 (10th Cir. 1987), the receipt of notice of the right to sue from the Attorney General rather than the EEOC, while not a jurisdictional matter, was "expressly required by the statute." *Id.* The court declined to apply equitable principles to excuse Ms. Hiller's failure to comply with the statute and granted the state's motion for summary judgment.[2] Ms. Hiller appeals.

---

[2] The State contends that Eleventh Amendment immunity should protect it from this suit, arguing that Congress' abrogation of its immunity in conjunction with Title VII was contingent on the Attorney General's participation in any claim filed against a state. Our recent decision in *Stewart v. Oklahoma*, 292 F.3d 1257 (10th Cir. 2002), *cert. denied*, 123 S.Ct. 867 (2003), precludes such an argument. *Stewart* states:

> We reject this argument. We are not convinced that when Congress amended Title VII it hitched the abrogation of the states' immunity

(continued...)

## II

The EEOC is required to investigate charges of discrimination filed against governmental entities. 42 U.S.C. § 2000e-5(b); *see also id.* § 2000e(a) ("person" includes governmental employers). The obscurely written statute at issue here provides the following regarding the EEOC's authority subsequent to its investigation:

> If within thirty days after a charge is filed with the Commission . . . , the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent not a government, government agency, or political subdivision named in the charge. In the case of a respondent which is a government, governmental agency, or political subdivision, if the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission shall take no further action and shall refer the case to the Attorney General who may bring a civil action against such respondent in the appropriate United States district court. The person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission or the Attorney General in a case involving a government, governmental agency, or political subdivision. *If a charge filed with the commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge . . . , the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a*

---

[2](...continued)
to a requirement that the Attorney General issue aggrieved employees right-to-sue letters. The text of Title VII takes no position on the source of the plaintiff's right-to-sue letter; indeed it does not even refer to the requirement that a plaintiff obtain such a letter.

*Id.* at 1259.

*government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent* named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the change alleges was aggrieved by the alleged unlawful employment practice.*

42 U.S.C. § 2000e-5(f)(1) (emphasis added).

In 1980, with the backing of the DOJ, the EEOC interpreted the statute to authorize the EEOC in cases involving a governmental respondent to send the right-to-sue notice to the claimant whenever it determines there is no reasonable cause to believe the Act was violated. *See* 29 C.F.R. § 1601.28(d)*;* 45 Fed. Reg. 48614, 48616. It did so with the object of eliminating unnecessary paperwork and duplication of effort between the DOJ and the EEOC, as well as promoting prompt resolution of complaints against governmental entities and clarifying when the filing period begins. *See 45 Fed. Reg at 48616.* In the event the EEOC finds reasonable cause to believe a violation has occurred in such cases, it refers the matter to the Attorney General. *Id.*; 29 C.F.R. § 1601.28(d).

The courts have recognized two possible interpretations of the relevant portion of this statute. In *Dougherty v. Barry*, 869 F.2d 605, 611 (D.C. Cir.1989), the court referred to the statute as "dense" and held that "the statutory language and structure contemplate that the Commission will issue right to sue notices in

cases involving a governmental unit when it does not find probable cause." *See also Flint v. California*, 594 F. Supp. 443, 445 (E.D. Cal. 1984). Other courts have determined the statute is unambiguous in cases involving a governmental entity, expressly requiring the Attorney General, not the EEOC, to issue the notice in all cases involving a governmental respondent. *See, e.g., Hendrix v. Memorial Hosp.*, 776 F.2d 1255, 1256-57 (5th Cir. 1985); *Fouche v. Jekyll Isl.-State Park Auth.*, 713 F.2d 1518, 1524 (11th Cir. 1983).

Although the EEOC as amicus curiae contends *Daugherty* and *Flint* are better reasoned than *Fouche or Hendrix*, we are bound by our interpretation of the statutory language in *Thames,* which is in accord with the latter two cases. We recognize that the interpretation in *Thames* is somewhat at odds with some statements made in a more recent case, *Stewart v. Oklahoma*, 292 F.3d 1257, 1259-60 (10th Cir. 2002), *cert. denied*, 123 S.Ct. 867 (2003). *Stewart* states that "[t]he text of Title VII takes no position on the source of a plaintiff's right-to-sue letter." *Id.* To the extent that *Thames* and *Stewart* are in conflict, however, we are obligated to follow the earlier panel decision over the later one. *See, e.g., In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993) (per curiam). Accordingly, because Ms. Hiller does not have a letter from the Attorney General, she has not complied with the statute.

II

Ms. Hiller alternatively argues that equitable considerations support permitting her to go forward with her lawsuit despite her inability to obtain a letter from the Attorney General. Notwithstanding the unusual circumstances beyond Ms. Hiller's control, the district court denied her request for equitable relief. While the court did point out Ms. Hiller's failure to show that the DOJ had actually refused to issue the letter (which she could not do at that point in time),[3] the court also made clear it would decline to grant an equitable modification regardless of such a refusal:

> Considerations of federalism dictate dismissal in any event. As noted by defendant, the requirement was added to Title VII when the statute was amended to permit suits against state governments. In making this change, Congress directed that investigations and suits against governmental agencies should be conducted by the Attorney General, not a federal agency. Even if the Attorney General neglects or refuses his duty, a federal court should not permit the statute to be ignored and a state government to be subjected to suit in derogation of it.

Aplt. Appx. at 60-61. We review this determination under an abuse of discretion standard. *See Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir. 2001).

In a case with facts parallel to those here, the Eleventh Circuit has determined that equitable considerations permitted the plaintiff to go forward

---

[3] Plaintiff's counsel informed this court at oral argument that the DOJ has since responded, refusing to issue such a letter in accordance with 29 C.F.R. § 1601.28(d).

with the lawsuit.  In *Fouche*, while agreeing that Title VII requires a letter from the Attorney General, the court held that the refusal of the DOJ to issue such a letter put the plaintiff in an untenable position and denied her a remedy for reasons totally beyond her control.  *Fouche*, 713 F.2d at 1526.  The court concluded it would "obviously be unfair" to hold the plaintiff to the requirement of obtaining the Attorney General's letter in order to proceed with her suit when he categorically refused to give her one.  *Id.*

The Western District of Oklahoma has previously granted equitable modification in a similar case with similar reasoning.  *See Townsend v. State of Okla. ex rel. Okla. Military Dep't*, 760 F. Supp. 884 (W.D. Okla. 1991).  In *Townsend*, the court acknowledged that our precedent in *Thames* held it to an interpretation of § 2000e-5(f)(1) requiring the plaintiff to obtain a right to sue letter from the Attorney General.  *Id.* at 886.  Noting that the requirement was not jurisdictional but was instead a condition precedent to suit, the court concluded the plaintiff "should not be penalized merely because the attorney general routinely refuses to issue right-to-sue letters."  *Id.* at 888.

We agree with the Eleventh Circuit and the district court in *Townsend* that it would work an injustice on Ms. Hiller to deprive her of a remedy for failure to meet a nonjurisdictional requirement that is beyond her control.  In a related context, we have held that equitable considerations can excuse a plaintiff's failure

to timely file its Title VII action in district court after receipt of the EEOC notice. *See Martinez v. Orr*, 738 F.2d 1107, 1109-10 (10th Cir. 1984) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982)).  Because of the unique circumstances of this case, we are persuaded equitable considerations are appropriate here.

We are not persuaded that "considerations of federalism" require a contrary result, as the district court held here.  It is clear, of course, that § 2000e-5(f)(1) requires the Attorney General to be involved in Title VII administrative actions against a state where there is any indication the discrimination complaint is viable.  Where the EEOC has not found reasonable cause sufficient to pursue the case further, however, the Attorney General's notice of right to sue would only be echoing the EEOC's determination not to proceed in the matter against the state governmental respondent.  In such circumstances, the state entity does not need the protection offered by the Attorney General's participation in the administrative process.

The Eleventh Circuit correctly recognized that the situation created by the catch-22 between the statute and the regulations is "obviously unfair."  *Fouche*, 713 F.2d at 1526.  Ms. Hiller would have no way to pursue her complaint if an equitable accommodation were not granted, given that the Attorney General deems the right to sue notice from the EEOC to be sufficient to meet the Attorney

General's duties under the statute. Although Ms. Hiller has at this point received a refusal from the Attorney General, we agree with the other courts that have noted the futility of requesting such letters when the requests are routinely denied. *See*, *e.g.*, *Townsend*, 760 F. Supp. at 887-88. As we observed in *Martinez*, "if a plaintiff . . . has in some extraordinary way been prevented from asserting his or her rights, we will permit tolling of the limitations period." *Martinez*, 738 F.2d at 1110 (quotation omitted). The interests of justice require that we provide equitable relief in such a situation, in order to preserve for plaintiff an avenue by which to pursue her complaint. *Cf. Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 429 (1965) (indicating "interests of justice require vindication of the plaintiff's rights" where plaintiff "has been prevented from asserting them"). We therefore conclude that the district court's refusal to grant equitable relief constituted an abuse of discretion.

Accordingly, we **REVERSE** the district court's grant of summary judgment to the state and **REMAND** for further proceedings consistent with this opinion.