In the

# United States Court of Appeals
## For the Seventh Circuit

———————————

No. 20-1207

FEDERATED MUTUAL INSURANCE COMPANY,

*Plaintiff-Appellee,*

*v.*

COYLE MECHANICAL SUPPLY INC.,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court for the
Southern District of Illinois.
No. 3:17-cv-00991 — **Staci M. Yandle**, *Judge.*

———————————

ARGUED NOVEMBER 3, 2020 — DECIDED DECEMBER 22, 2020

———————————

Before KANNE, SCUDDER, and ST. EVE, *Circuit Judges.*

ST. EVE, *Circuit Judge.* This insurance dispute comes to us in an unusual procedural posture. The plaintiff in this case, Federated Mutual Insurance Company, sued its insured, Coyle Mechanical Supply Inc., seeking a declaration that it had no duty to defend or indemnify Coyle in a separate lawsuit pending against Coyle in state court. After Coyle answered Federated's complaint, Federated moved for judgment on the pleadings. Coyle opposed the motion, and later

moved for leave to file two supplemental briefs bringing new facts to the district court's attention. In Coyle's view, these new facts showed that the state-court action potentially fell within Federated's coverage obligations.

The district court denied Coyle's motions to file supplemental briefs and granted Federated's motion for judgment on the pleadings. In granting Federated's motion, however, the court relied on some of the new facts that Coyle had unsuccessfully moved to introduce through supplemental briefs, while ignoring other facts—including facts that worked in Coyle's favor. Coyle now appeals. It points out, correctly, that the district court's handling of the case ran afoul of both local rules and the Federal Rules of Civil Procedure. Worse, the court's errors deprived Coyle of its right to present material factual evidence bearing on the central issue in the case. We reverse and remand so that Coyle may have a full and fair opportunity to defend against Federated's lawsuit.

## I. Background

### A. State-Court Action Against Coyle

Prairie State Generating Company, LLC sued Coyle in Illinois state court. According to Prairie's complaint, Prairie operates an electric-generation facility that has two units, Unit #1 and Unit #2. Coyle sells, distributes, and represents manufacturers of commercial valves. Prairie requested bids from Coyle for valves for both of its units. Coyle recommended valves manufactured by Copeland Industries. Coyle represented that the valves were "built to last for decades" and were Copeland's best high-pressure steam valves. Prairie purchased 64 valves from Copeland, installed 32 of the valves in

Unit #2, and then "began to place Unit #2 back into service." A few days later, the installed valves "began to fail, by, among other things, leaking." Because of the valve failures in Unit #2, Prairie did not install the 32 valves it purchased for Unit #1. Instead, it removed the defective valves from Unit #2 and bought replacement valves for both units. Prairie notified Coyle of the valve failures, but Coyle refused Prairie's demands to "remedy the breach."

Prairie sued Coyle for breach of contract, breach of the implied warranty of merchantability, and breach of the warranty of fitness for a particular purpose. Prairie alleged that it had "incurred damages as a result of Coyle's breach, including but not limited to, costs of replacement valves, costs of removal of the Copeland valves, and costs of installation of the replacement valves."

## B. Federated's Declaratory-Judgment Action

After Prairie filed suit, Coyle turned to its insurer, Federated, for defense and indemnification. Federated denied coverage. Following the parties' continued disagreement over Federated's coverage obligations, Federated filed the present declaratory-judgment action against Coyle and Prairie, seeking a declaration that it had no duty to defend or indemnify Coyle in Prairie's lawsuit. Federated attached Prairie's state-court complaint and the applicable insurance policies to its complaint. Coyle attached the parties' coverage correspondence to its answer.

### 1. The Policies

The policies between Federated and Coyle provide, in relevant part, that Federated will "pay those sums" that Coyle becomes "legally obligated to pay as damages because of"

"property damage" caused by an "occurrence." They further provide that Federated has "the right and duty to defend the insured against any 'suit' seeking those damages." The policies define "property damage" as "Physical injury to tangible property, including all resulting loss of use of that property" or "Loss of use of tangible property that is not physically injured." Additionally, the policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

**2. Federated's Motion for Judgment on the Pleadings**

After Coyle filed its answer, Federated moved for judgment on the pleadings. Federated argued that it had no duty to defend or indemnify Coyle because Prairie's lawsuit did not involve "property damage" or an "occurrence." The next day, Federated moved to stay discovery pending resolution of its motion for judgment on the pleadings. Around the same time, Coyle propounded discovery requests on Federated.

Coyle opposed both of Federated's motions. Coyle argued that Federated's motion for judgment on the pleadings was premature because discovery was necessary on the duty-to-defend issue. Even without discovery, Coyle argued that the court should deny Federated's motion for judgment on the pleadings because Prairie's complaint potentially alleged a claim for "property damage" arising from an "occurrence" based on: Prairie losing the use of Unit #2 (which was implied from Prairie's allegation that it had placed "Unit #2 back into service"); leaking fluid; the introduction of potentially hazardous materials; and Prairie's replacement work.

The magistrate judge held a telephonic hearing on Federated's motion to stay discovery. At the hearing, Prairie's

counsel clarified that Prairie was not making a claim for loss of use in the state-court action. Instead, Prairie sought damages for the cost of replacing the defective valves and the "intersecting pieces of pipe [that] were damaged." After counsel clarified that the intersecting pipe was Prairie's property, the judge asked, "So you are seeking money for damage to Prairie State property?" Prairie's counsel responded, "Correct." Because there was "an argument to be made that there are damages that fall within or might fall within the purview then of what has been defined as an occurrence or an injury," the magistrate judge permitted discovery for that limited purpose while the motion for judgment on the pleadings was pending.

Following the hearing, Coyle moved for leave to file a supplemental brief in further opposition to Federated's motion for judgment on the pleadings. Coyle sought to introduce the "new facts" about the damage to Prairie's property that had come to light at the discovery hearing. A few months later, while the first motion for leave was still pending, Coyle moved for leave to file a second supplemental brief. This time, Coyle attached an email obtained through discovery. In the email, a representative of Copeland tells a representative of Prairie that the situation related to the defective valves is "a possible emergency" and "a very hazardous situation." The Copeland representative appears to say that, due to a miscommunication, the valves that Copeland provided were not the right type for Prairie's equipment. Nine months later, the district court denied both of Coyle's motions for leave to file supplemental briefs in a two-sentence text-entry order,

finding "no exceptional circumstances to justify the filing of reply briefs."

Eventually, the district court granted Federated's motion for judgment on the pleadings. The court ruled that Prairie's complaint did not allege "property damage" or an "occurrence." There was no "property damage" because Prairie only sought damages for the repair and replacement of defective products—purely economic losses. Nor did the court accept Coyle's argument that Prairie must have lost the use of its property because Prairie alleged that it "placed Unit #2 back into service." To the contrary, Prairie's complaint "clearly allege[d] that the valves were faulty/defective" and Prairie's counsel had clarified at the discovery hearing that "Prairie was not making a claim for loss of use but rather for the costs of replacing the allegedly defective valves and the associate piping linking the valves." There was no "occurrence" (i.e., "accident") because the defectiveness of the valves was foreseeable.

Coyle now appeals the district court's grant of judgment on the pleadings to Federated. It attaches two exhibits to its reply brief: (1) Copeland's third-party answer to Coyle's third-party complaint in Prairie's underlying lawsuit; and (2) an excerpt from Prairie's corporate deposition in the underlying lawsuit. Federated moves to strike both exhibits, as well as Coyle's arguments related to them.

## II. Discussion

Coyle contends that the district court committed two procedural errors that deprived it of the opportunity to mount a factual and legal defense to Federated's lawsuit. We agree. First, the district court applied the wrong standard when

denying Coyle's motions for leave to file supplemental briefs. Second, the district court erroneously considered materials outside the pleadings without converting Federated's motion for judgment on the pleadings into a motion for summary judgment.

Both errors prejudiced Coyle. Coyle's supplemental briefs demonstrated that there were material factual disputes bearing on Federated's duty to defend. As soon as the court learned of these factual disputes, it should have denied Federated's motion for judgment on the pleadings or converted it to a motion for summary judgment. Instead, the court rejected Coyle's attempts to supplement the record and granted Federated's motion for judgment on the pleadings, while cherry-picking among materials outside the pleadings to find evidence that undercut Coyle's arguments and ignoring other relevant evidence. These errors compel us to reverse and remand for further proceedings that comply with the local rules and the Federal Rules of Civil Procedure.

## A. Legal Standards

### 1. Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Pleadings "include the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (citing Fed. R. Civ. P. 10(c)).

The only difference between a motion for judgment on the pleadings and a motion to dismiss is timing; the standard is the same. "When a plaintiff moves for judgment on the

pleadings, the motion should not be granted unless it appears beyond doubt that the nonmovant cannot prove facts sufficient to support its position, and that the plaintiff is entitled to relief." *Scottsdale Ins. Co. v. Columbia Ins. Grp., Inc.*, 972 F.3d 915, 919 (7th Cir. 2020). "Thus to succeed, the moving party must demonstrate that there are no material issues of fact to be resolved." *N. Ind. Gun & Outdoor Shows*, 163 F.3d at 452. As with a motion to dismiss, the court views all facts and inferences in the light most favorable to the non-moving party. *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993).

District courts should not allow motions for judgment on the pleadings to deprive the non-moving party of the opportunity to make its case. *See Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999). As Wright & Miller explains:

> Although the motion may be helpful in disposing of cases in which there is no substantive dispute that warrants the litigants and the court proceeding further, thereby easing crowded trial dockets in the federal district courts, hasty or imprudent use of this summary procedure by the courts violates the policy in favor of ensuring to each litigant a full and fair hearing on the merits of his or her claim or defense.

5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1368 (3d ed. 2002).

Federal Rule of Civil Procedure 12(d) allows a district court to convert a motion to dismiss or motion for judgment on the pleadings into a motion for summary judgment. That rule provides: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for

summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

We review a ruling on a motion for judgment on the pleadings de novo, construing the facts in the light most favorable to the non-moving party. *Scottsdale Ins. Co.*, 972 F.3d at 917. A district court has discretion as to whether to convert a motion for judgment on the pleadings into a motion for summary judgment. *See Hecker v. Deere & Co.*, 556 F.3d 575, 583 (7th Cir. 2009). If, however, a court chooses to consider materials outside the pleadings, the discretion ends, and the court "must" treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d); *Loeb Indus., Inc. v. Sumitomo Corp.*, 306 F.3d 469, 479 (7th Cir. 2002). At the same time, a district court's failure to convert a motion for judgment on the pleadings into a motion for summary judgment "will not necessarily mandate reversal unless the record discloses the existence of unresolved material fact issues, or the parties represent that they would have submitted specific controverted material factual issues to the trial court if they had been given the opportunity." *United States v. Rogers Cartage Co.*, 794 F.3d 854, 861 (7th Cir. 2015) (internal quotation marks and citations omitted). In other words, a district court's failure to treat the motion as one for summary judgment does not require reversal if the error was harmless. *Loeb Indus.*, 306 F.3d at 479 (citing 28 U.S.C. § 2111).

### 2. Illinois Law on the Duty to Defend

The parties agree that the substantive law of Illinois governs. Under Illinois law, "[a]n insurer's duty to defend is broader than its duty to indemnify." *Scottsdale Ins. Co.*, 972 F.3d at 919. "To determine whether an insurer has a duty to defend, a court compares the underlying complaint's

allegations (liberally construed in the insured's favor) to the policy's language." *Id.* "If the underlying complaint 'alleges facts within or potentially within policy coverage, an insurer is obligated to defend its insured even if the allegations are groundless, false or fraudulent.'" *Id.* (quoting *Gen. Agents Ins. Co. of Am. v. Midwest Sporting Goods Co.*, 828 N.E.2d 1092, 1098 (Ill. 2005)). "An insurer can only refuse to defend if the allegations of the underlying complaint preclude any possibility of coverage." *Ill. Tool Works Inc. v. Travelers Cas. & Sur. Co.*, 26 N.E.3d 421, 428 (Ill. App. Ct. 2015). "Any doubts about the duty to defend are resolved in favor of the insured." *Scottsdale Ins. Co.*, 972 F.3d at 919–20. The parties may present extrinsic evidence as long as "doing so will not decide an ultimate issue in the underlying actions." *Landmark Am. Ins. Co. v. Hilger*, 838 F.3d 821, 825 (7th Cir. 2016).

## B. Federated's Motion to Strike

As a preliminary matter, we must address Federated's motion to strike two exhibits that Coyle attaches to its reply brief, along with the arguments related to those exhibits. The first exhibit is Copeland's third-party answer to Coyle's third-party complaint in Prairie's underlying lawsuit. Coyle offers this exhibit to show the date on which Copeland filed its answer, as context for the quick timeline on which Federated moved for judgment on the pleadings. The second exhibit is an excerpt from Prairie's corporate deposition in the underlying lawsuit. In the attached excerpt, Prairie's corporate representative testified that Prairie had "not expected" to receive valves that were "not rated for the 4700 pounds and 665 [degrees]," and that these valves "did not meet specifications." He also testified that, when the initial leaks occurred, "[t]here would have been some damage to insulation, probably

piping, depending on the direction of the steam flow." Coyle relies on this testimony to support its argument that Prairie seeks to recover for damage to its own property.

Federated moves to strike these exhibits because they were not part of the record below. Federated also moves to strike Coyle's arguments related to these exhibits because Coyle raises them for the first time in its reply brief.

We deny the motion to strike. We may judicially notice the filing date of Copeland's third-party answer because it is a matter of public record that is "not subject to reasonable dispute." Fed. R. Evid. 201(b); *see Deicher v. City of Evansville*, 545 F.3d 537, 541 (7th Cir. 2008) (allowing judicial notice of a complaint's filing date). Nor has Coyle waived any arguments related to this exhibit. Coyle uses the date of Copeland's third-party answer to illustrate the compressed timeline on which Federated moved for judgment on the pleadings. Coyle makes this point in response to Federated's argument, first raised in its response brief, that Coyle has no admissible, material evidence on the duty-to-defend issue. We have held that "in a reply brief, an appellant generally may respond to arguments raised for the first time in the appellee's brief." *Loja v. Main St. Acquisition Corp.*, 906 F.3d 680, 684 (7th Cir. 2018).

We may consider Prairie's corporate deposition testimony for the limited purpose of assessing whether Coyle seeks to present "specific controverted material factual issues" on remand. *See Rogers Cartage Co.*, 794 F.3d at 861 (internal quotation marks and citations omitted). Coyle did not waive its arguments about Prairie's corporate testimony because Coyle raised them at its "earliest opportunity." *Baker v. Lindgren*, 856

F.3d 498, 507 (7th Cir. 2017). The testimony postdated Coyle's opening brief, so Coyle could not have presented it earlier.

## C. Procedural Errors

### 1. Denial of Leave to File Supplemental Briefs

Coyle argues that the district court applied the wrong legal standard in denying its motions for leave to file supplemental briefs. We review a district court's interpretation and application of its local rules for abuse of discretion. "District courts are entitled to considerable discretion in interpreting and applying their local rules, and we will intrude on that discretion only where we are convinced that the district court made a mistake." *Dr. Robert L. Meinders, D.C., Ltd. v. UnitedHealthcare, Inc.*, 800 F.3d 853, 858 (7th Cir. 2015) (internal quotation marks and citation omitted).

The district court abused its discretion by relying on the wrong standard to deny Coyle's motions for leave to file supplemental briefs. Southern District of Illinois Local Rule 7.1(c) sets out different standards for reply briefs and supplemental briefs. For reply briefs, it provides: "Reply briefs are not favored and should be filed only in exceptional circumstances." For supplemental briefs, it provides: "If a party believes it is necessary to supplement its brief with new authority due to a change in the law or facts that occurred after the filing of its brief, the party must seek leave of court to file a supplemental brief." The district court denied Coyle's motions for leave to file supplemental briefs because there were "no exceptional circumstances to justify the filing of reply briefs." That was the wrong standard. Coyle sought to file supplemental briefs—not reply briefs. Local Rule 7.1(c) specifies when supplemental briefs are allowed—i.e., if there is a change in the

law or facts—and the district court failed to grapple with whether Coyle's proposed briefs met this standard. That was an abuse of discretion. *See Dr. Robert L. Meinders*, 800 F.3d at 858.

Federated suggests that the district court properly denied Coyle's motions because the evidence that Coyle sought to introduce was inadmissible. Federated did not raise this argument below, so we will not consider it on appeal. *Markel Ins. Co. v. Rau*, 954 F.3d 1012, 1018 (7th Cir. 2020). On remand, if the case proceeds to summary judgment or trial, Federated can object to the admissibility of Coyle's evidence, and the district court can resolve those objections in the first instance. Federated does not otherwise dispute that Coyle presented new facts that met the standard for supplemental briefing. The district court's reliance on some of Coyle's new facts confirms that they did indeed meet the standard.

### 2. Failure to Convert to Summary Judgment

Coyle next argues that the district court erred when it considered materials outside the pleadings without converting Federated's motion for judgment on the pleadings into a motion for summary judgment.

Here too, the court erred. The court's order granting judgment on the pleadings expressly referenced materials outside the pleadings—namely, Prairie's counsel's statement at the discovery hearing that Prairie was not seeking damages for loss of use. That reference was striking, given that the court had denied Coyle's motion for leave to introduce the transcript of that very same hearing. Moreover, the court glossed over the portion of the hearing transcript that Coyle had highlighted and ignored the other relevant evidence that Coyle

had submitted. Rule 12(d) is clear: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." The district court's failure to comply with that procedure was error. Once it looked to matters outside the pleadings, it should have given both parties "a reasonable opportunity to present all the material that [was] pertinent to the motion," Fed. R. Civ. P. 12(d).

Federated suggests that the court did not actually rest its decision on materials outside the pleadings. This argument is unpersuasive. The court gave two reasons for rejecting Coyle's loss-of-use argument. First, Prairie's complaint alleged "that the valves were faulty/defective." Second, Prairie's counsel disavowed a loss-of-use theory of recovery. Only the second reason was inconsistent with Coyle's loss-of-use argument—indeed, it directly undermined it. Prairie's counsel's statement was highly material, and Federated provides no basis to conclude that the court did not rely on the statement when it specifically identified it as a basis for the ruling.

## D. Prejudice to Coyle

We next consider whether the district court's procedural errors require reversal. We will not reverse if the district court's errors were harmless. *Loeb Indus.*, 306 F.3d at 479. A district court's failure to convert a motion for judgment on the pleadings to a motion for summary judgment is not harmless if "the record discloses the existence of unresolved material fact issues, or the parties represent that they would have submitted specific controverted material factual issues to the trial court if they had been given the opportunity." *Rogers Cartage*

*Co.*, 794 F.3d at 861 (internal quotation marks and citations omitted).

Coyle has identified at least one potential issue of fact that forecloses judgment as a matter of law at this stage: whether Prairie's complaint seeks damages for the physical injury to its own property—i.e., the intersecting piping in Unit #2—that resulted from the installation, removal, or replacement of the allegedly defective valves.

As set forth above, the policies cover "property damage" caused by an "occurrence." "Property damage" includes "Physical injury to tangible property." The Illinois Supreme Court has defined "physical injury" to mean "damage to tangible property causing an alteration in appearance, shape, color or in other material dimension." *Travelers Ins. Co. v. Eljer Mfg., Inc.*, 757 N.E.2d 481, 502 (Ill. 2001). An "occurrence" under the policies is "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The policies do not further define "accident," but "Illinois courts have defined 'accident' as an unforeseen occurrence, usually of an untoward or disastrous character or an undesigned, sudden, or unexpected event of an inflictive or unfortunate character." *Westfield Nat. Ins. Co. v. Cont'l Cmty. Bank & Tr. Co.*, 804 N.E.2d 601, 605 (Ill. App. Ct. 2003). What matters is whether the injury was expected or intended. *United Nat. Ins. Co. v. Faure Bros. Corp.*, 949 N.E.2d 1185, 1191 (Ill. App. Ct. 2011). "The natural and ordinary consequences of an act do not constitute an accident." *Ind. Ins. Co. v. Hydra Corp.*, 615 N.E.2d 70, 73 (Ill. App. Ct. 1993).

Illinois courts have drawn a line between "costs associated with repairing or replacing the insured's defective work and products, which are purely economic losses," *Eljer*, 757

N.E.2d at 503, and costs that arise "when an insured causes damage to things other than its own work or product," *Travelers Ins. Companies v. Penda Corp.*, 974 F.2d 823, 832 (7th Cir. 1992). Only the latter type of costs tends to arise from "property damage" caused by an "occurrence." *Westfield Ins. Co. v. Nat'l Decorating Serv., Inc.*, 863 F.3d 690, 697 (7th Cir. 2017); *Acuity Ins. Co. v. 950 W. Huron Condo. Ass'n*, 138 N.E.3d 189, 196 (Ill. App. Ct. 2019). That is because, when an insured causes physical injury to the underlying plaintiff's property—and not just its own faulty work product—the underlying plaintiff may seek to recover costs that go beyond the economic losses associated with repairing or replacing the insured's faulty work product. *Acuity Ins. Co.*, 138 N.E.3d at 196. And, unlike the defectiveness of the insured's work product, damage beyond that work product is not necessarily foreseeable—and thus may arise from an "occurrence." *Id.*; *see Lexington Ins. Co. v. Chicago Flameproof & Wood Specialties Corp.*, 950 F.3d 976, 981 (7th Cir. 2020).

Here, there is a material fact question as to whether Prairie seeks damages for the physical injury to its own property resulting from the installation, removal, or replacement of the defective valves. Coyle wants to present evidence showing that: due to a possible miscommunication, Prairie received the wrong valves from Copeland; Prairie's own property (the intersecting piping) incurred damage because of the defective valves; neither Prairie nor Copeland knew that the valves were defective until they started leaking; and Prairie seeks damages from Coyle for the physical injury to its own property that resulted from the defective valves. If these things are true, then Prairie's damages potentially fall within the scope of the policies, meaning Federated would have a duty to defend Coyle in Prairie's lawsuit. Whether they are true—and

whether Coyle has admissible evidence to prove them—should be resolved on remand.

The parties submit dueling case law and arguments as to whether the specific type of damage caused here fits within the policies. Coyle, for example, compares Prairie's damages to cases involving hazardous materials like asbestos and harmful fluid leakage. Federated, for its part, argues that Prairie seeks only "rip and tear" damages that are incidental to the repair and replacement of a defective product. These arguments are premature. At this stage, it is neither possible nor proper to decide which of these cases is most pertinent because the facts surrounding the damage to Prairie's property remain obscure. We do not yet know the nature, extent, or cause of the injury to Prairie's property. All that matters now is that Coyle has identified specific material fact issues that preclude judgment on the pleadings.

As for Coyle's other theories of coverage—including its "loss of use" theory—we leave it for the district court to determine at the appropriate time, on a fully developed factual record, whether there are any factual disputes precluding judgment as a matter of law. We note, however, that we are skeptical of Coyle's theory—based on a different part of the policies, which we have not yet mentioned—that Prairie seeks damages for "personal and advertising injury." We will not bar Coyle from pursuing this theory on remand, but Coyle's counsel appeared to acknowledge at oral argument that it is a stretch.

### III. Conclusion

A motion for judgment on the pleadings is a post-answer device that allows a district court to efficiently resolve cases

that involve no material disputes of fact requiring further development. Here, the district court granted judgment on the pleadings to Federated over Coyle's repeated objections that there were material fact issues requiring development and resolution. In doing so, the court deprived Coyle of a meaningful opportunity to defend against Federated's lawsuit. We REVERSE the district court's grant of judgment on the pleadings and REMAND for further proceedings.