In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 20-3288

BRIAN LAX,

*Plaintiff-Appellant*,

*v.*

ALEJANDRO MAYORKAS, Secretary of U.S. Department of Homeland Security,

*Defendant-Appellee*.

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 19-cv-06853 — **Charles R. Norgle**, *Judge*.

_____

ARGUED NOVEMBER 2, 2021 — DECIDED DECEMBER 20, 2021

_____

Before SYKES, *Chief Judge*, and FLAUM and JACKSON-AKIWUMI, *Circuit Judges*.

FLAUM, *Circuit Judge*. Plaintiff-appellant Brian Lax brought suit against defendant-appellee Secretary of the Department of Homeland Security, alleging that the agency, his employer, had discriminated against him in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et. seq.* (the "Act"). The Act requires that suits be brought within ninety days of receiving

the final agency decision and notice of the right to sue. Because Lax filed his suit on the ninety-first day after receiving this notice, we affirm the district court's dismissal on timeliness grounds.

## I.    Background

On April 5, 2016, Lax initiated contact with an Equal Employment Opportunity (EEO) Counselor, raising concerns about discrimination. After the conclusion of EEO counseling and subsequent notification of his right to file a formal complaint, Lax filed a formal complaint of disability discrimination against his employer, the Federal Emergency Management Agency (FEMA), a component of the Department of Homeland Security (DHS), alleging he had been improperly placed on indefinite suspension and had his security clearance suspended after he checked himself into a hospital for mental health treatment and missed two days of work as a result.

After completing its investigation, the DHS Office for Civil Rights and Civil Liberties reached a final agency decision regarding Lax's complaint on July 15, 2019. In this decision, the agency concluded that Lax failed to prove by a preponderance of the evidence that FEMA discriminated against him and appended a notice of rights informing Lax of his right to file a civil action in federal court within ninety days of his receipt of the decision.

The decision was sent to Lax's work email address two days later, on July 17, 2019, at 1:16 PM. The email, which was sent by EEO Counselor Tenedia Davis and had the subject line "Final Action for Lax, Brian (FEMA-26090-2016)Secure [sic]" read as follows:

> Good Afternoon:
>
> Attached is the Agency's Final Action in the case of Lax, Brian (FEMA-26090-2016). For security purposes, this document has been password protected. The password will be sent in a separate email. If you have any questions or concerns regarding this document, please reply to this email with a "cc" to Denise Moore, Senior Complaints Manager at [DHS email address].

One minute later, at 1:17 PM, Davis sent Lax the password to open the attached document, which contained: the final agency decision, a "Notice of Appeal Rights," a privacy statement, and a certificate of service. The "Notice of Appeal Rights" stated that Lax had the right to file a civil action in federal court within ninety days of receiving the final decision. The certificate of service stated: "For timeliness purposes, it shall be presumed that the parties received the foregoing on the date indicated below [07/17/2019] if sent via email … ."

Lax concedes that he opened these emails and read them on the day they were sent, July 17, 2019. He claims, however, that he was unable to open the attached document on that day, because he received error messages when entering the password on his work-issued cell phone. And, he contends, government security measures prevented him from accessing his work email account on any non-work device. As a result, Lax asserts that he did not open or read the attached document until the next day when he returned to work and had access to his work-issued computer.

Ninety-one days after July 17, 2019—on October 16, 2019—Lax filed suit against the acting Secretary of DHS, alleging the same discrimination of which he had complained to the EEO. DHS moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Lax had failed to comply with the filing deadline of ninety days following his receipt of the final agency decision. *See* 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1614.407. The district court agreed with DHS that the claim was time-barred and dismissed the case.

## II.    Discussion

On appeal, we assess whether the district court properly dismissed Lax's suit as untimely. Lax argues that the district court first erred in rejecting his argument that his complaint was, in fact, timely and second erred in declining to apply equitable tolling. Unpersuaded by either argument, we affirm the district court's dismissal below.

We review a district court's dismissal pursuant to Rule 12(b)(6) de novo. *See Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021). We construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded facts as true, and draw all reasonable inferences in the plaintiff's favor, but "we need not accept as true statements of law or unsupported conclusory factual allegations." *Id.* (citation omitted). By contrast, "[t]ypically we review a district court's decision whether to equitably toll a limitations period for abuse of discretion." *Clark v. Runyon*, 116 F.3d 275, 277 (7th Cir. 1997).

## A. Timeliness of Lax's Complaint[1]

Indisputably, Lax received and read the email notice of the agency's final decision the same day it was sent, July 17, 2019. We further accept, as we must at this stage, Lax's representation that he did not read or open the attachment to that email until the following day, July 18. If Lax's ninety-day filing window started on the day he received the email, his complaint was one day late. But if his window started on the day he opened the attachment, his complaint was timely. The determinative issue, then, is whether Lax's mere receipt of the email commences the filing window, or whether he must

---

[1] Lax asserts the entire inquiry into timeliness is improper on a 12(b)(6) motion because it requires consideration of documents outside of the complaint. It is true that district courts are typically constrained by the complaint in this posture of litigation. *See* Fed. R. Civ. P. 12(d). District courts may, however, consider other documents attached to a motion to dismiss when they are referenced in the complaint and central to the plaintiff's claim. *See 188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002). Therefore, the full agency decision and related email transmission (to which Lax referred in his complaint) were appropriately considered by the district court. Even if the district court erred in considering the sworn declaration (which Lax himself submitted and the parties stipulated could be treated as if it was part of the complaint before the district court) on a motion under Rule 12(b)(6), any alleged procedural error would not require reversal because it was harmless. *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 315–16 (7th Cir. 2020). "A district court's failure to convert a motion for judgment on the pleadings to a motion for summary judgment is not harmless if … the parties represent that they would have submitted specific controverted material factual issues to the trial court if they had been given the opportunity." *Id.* at 316 (citation and internal quotation marks omitted). In stark contrast, Lax brought this declaration before the court and the parties stipulated to its consideration "for reasons of efficiency and expediency, and for purposes of ruling on [defendant-appellant's] motion to dismiss … ."

have opened and read the attachment to that email to commence the filing window. We hold that Lax's filing window for purposes of 42 U.S.C. § 2000e-5(f)(1) and 29 C.F.R. § 1614.407 commenced when he received the email, not when he opened the attachment.

The Rehabilitation Act states that claims under the Act are governed by the same rights and procedures available in Title VII employment discrimination cases against federal defendants. 29 U.S.C. § 794a(a)(1). Relevant here is the requirement that civil actions be filed "within ninety days after the [agency's] giving of [final decision] notice." 42 U.S.C. § 2000e-5(f)(1). The implementing regulations state that such a civil action must be brought "[w]ithin 90 days of receipt of the agency final action … ." 29 C.F.R. § 1614.407(a). Though there is potential for discrepancy between these two texts (the statute says the filing window starts with the agency's "giving" of notice of the final decision, while the regulations state that the window starts only upon the claimant's "receipt" of the agency's final decision), this Court has held that the filing window begins when a claimant or his attorney "actually receives" the right-to-sue notice that accompanies the agency's final decision. *Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1312 (7th Cir. 1984) (citation omitted).

The Court has further clarified that receiving the notice via traditional mail, without opening or reading that notice, is sufficient to trigger the beginning of the filing period. *See Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 849–50 (7th Cir. 2001). In *Threadgill*, the plaintiff received the right-to-sue notice via traditional mail but then set it aside without opening it or mentioning it to his attorney for nearly seven months. *Id.*

at 849. This, the Court held, qualified as "actual receipt" of the notice even though the plaintiff did not read it. *Id.* at 850.

Like the plaintiff in *Threadgill*, Lax asks the Court to refrain from commencing the filing window upon his receipt of the notice, simply because he did not *read* the notice until later. But the Court rejected this argument in *Threadgill* and Lax offers no reason why that case's holding does not foreclose his arguments here. It is true that, unlike the *Threadgill* plaintiff, Lax asserts that he was unable—rather than simply unwilling—to read the notice on the day he received it. But under the present set of circumstances, this distinction does not warrant a different result. Lax concedes that he read the body of the email, which clearly indicated that his final agency decision was attached. He therefore knew at that time (without needing to open the attachment) that what he had received was the final agency decision. Furthermore, the certificate of service stated unambiguously that "it shall be presumed that the parties received the foregoing on the date indicated below [07/17/2019] … ." If he believed this presumption to be incorrect, he or his attorney could have clarified the date of receipt at any time in the ninety days leading up to the filing deadline. Neither did so.[2]

Lax received the notice of his right to sue on July 17 and read it the following day. *Threadgill* holds that the date of

---

[2] Lax also attempts to rely on our decision in *Archie v. Chicago Truck Drivers, Helpers, & Warehouse Workers Union*, where the plaintiff's wife intercepted the notice and did not give it to him for ten days; we held that the ninety-day period did not commence until "actual receipt by [plaintiff] of the right-to-sue notice" from his wife. 585 F.2d 210, 214, 216 (7th Cir. 1978). But because Lax himself received the notice, *Archie* is inapposite and *Threadgill* controls.

receipt, which triggers the filing window, is unaffected by the recipient's failure to read the notice until a later time. Therefore, Lax's filing window began on July 17, 2019, and expired on October 15, 2019. Because he filed his complaint the next day, we hold the district court properly dismissed his action as time-barred.

## B. Applicability of Equitable Tolling

Lax also argues that the district court erred by not applying the doctrine of equitable tolling to save his claim from dismissal. In essence, he argues that equitable tolling was warranted because his inability to open and read the attached notice was not his fault but was due to technical difficulties.

This Court has stated, however, that "[e]quitable tolling … is reserved for situations in which the claimant 'has made a good faith error (*e.g.*, brought suit in the wrong court) or has been prevented in some extraordinary way from filing his complaint in time.'" *Threadgill*, 269 F.3d at 850 (quoting *Jones*, 744 F.2d at 1314). First, Lax could have contacted the EEO as instructed by the email he opened and read. Furthermore, he was on notice that his filing window started on July 17—beyond the fact that he knew he received the final agency decision that day after reading the body of the email, the attachment itself stated that, "for timeliness purposes," it would be presumed that he received it on July 17. Making no effort to clarify the actual date of receipt with the EEO and then waiting to file until what would have been the very last day to do so even if Lax was correct in his unsubstantiated understanding of the deadline calculation can hardly be described as the "exercise [of] due diligence in preserving his legal rights" the Supreme Court envisioned as warranting equitable tolling. *See Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990). *Cf.*

*Lombardo v. United States*, 860 F.3d 547, 552 (7th Cir. 2017) (noting that "courts have consistently held [that] mistakes or miscalculations of [filing deadlines] … do not satisfy the extraordinary circumstances element for equitable tolling"). For these reasons, we hold the district court did not abuse its discretion in declining to apply equitably tolling to save Lax's claim.

### III.    Conclusion

For the foregoing reasons, we AFFIRM the district court's dismissal of Lax's case as time-barred.