24-3237-cv
*Lall v. N.Y.C. Housing Auth.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of October, two thousand twenty-five.

PRESENT:
> **DEBRA ANN LIVINGSTON,**
> *Chief Judge,*
> **GERARD E. LYNCH,**
> **STEVEN J. MENASHI,**
> *Circuit Judges.*

_____

Narine Lall,

> *Plaintiff-Appellant,*

> v.                                                      24-3237

New York City Housing Authority, NYCHA,

*Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:     NARINE LALL, pro se, Brooklyn, NY.

FOR DEFENDANT-APPELLEE:      HANH H. LE *for* David Rohde,
                             General Counsel, New York City
                             Housing Authority, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Narine Lall, pro se, appeals from the district court's judgment dismissing his employment discrimination action against his former employer, the New York City Housing Authority ("NYCHA"). In his original complaint, Lall alleged employment discrimination and retaliation and invoked several federal statutes, along with state and local law. In his amended complaint, Lall asserted wrongful termination under Title VII, as well as violations of state law. NYCHA moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the

action as untimely. Lall opposed. The district court granted the motion, concluding that the federal claims were untimely because Lall did not file suit within 90 days of receiving a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") and did not show entitlement to equitable tolling. The court declined to exercise supplemental jurisdiction over the remaining claims. *Lall v. N.Y. Housing Auth.*, No. 24-CV-5508, 2024 WL 4954011 (S.D.N.Y. Dec. 2, 2024). We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

Because Lall "has been pro se throughout, his pleadings and other filings are interpreted to raise the strongest claims they suggest." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024). Nevertheless, the district court did not err in granting NYCHA's motion to dismiss.

First, the district court correctly concluded that Lall's Title VII claim was not timely. A Title VII plaintiff "must . . . file an action in federal court within 90 days of receiving a right-to-sue letter from the agency." *Duplan v. City of New York*, 888 F.3d 612, 621–22 (2d Cir. 2018) (citing 42 U.S.C. § 2000e-5(f)(1)). The record shows that Lall received two letters, one from the EEOC and another from

3

the Department of Justice ("DOJ").[1]  The letter from the EEOC is dated April 9, 2024.  However, on April 12, 2024, the EEOC told Lall that "[t]he DOJ will issue the NRTS directly to the Charging Party via email" and that "your request of a NRTS request has been forwarded to the DOJ for issuance."  Supp. App'x at 64.  In at least certain circumstances, including those at issue here, the EEOC refers a complaint against a "government, governmental agency, or political subdivision" to the DOJ for it to issue an NRTS.  *See* 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1601.28(d).[2]  The DOJ issued its NRTS via email on April 17, 2024, and the record shows that the email arrived in Lall's inbox that day and that the DOJ also included a copy of the EEOC NRTS with it.  *See* Supp. App'x at 56.  Lall

---

[1]  In his original complaint, Lall reported that he received a notice from the EEOC on April 9, 2024, but also reported that the date on the notice was April 17, 2024.

[2]  Courts disagree whether 42 U.S.C. § 2000e-5(f)(1) requires that the DOJ issue the NRTS "in *all* cases involving a governmental respondent."  *Hiller v. Oklahoma ex rel. Used Motor Vehicle & Parts Comm'n*, 327 F.3d 1247, 1251 (10th Cir. 2003) (emphasis added); *compare id.* at 1250–51 (finding statute requires "Attorney General, not the EEOC, to issue the notice in all [such] cases"), *and Fouche v. Jekyll Island-State Park Auth.*, 713 F.2d 1518, 1524 (11th Cir. 1983) (same), *with Dougherty v. Barry*, 869 F.2d 605, 612 (D.C. Cir. 1989) (holding the "statutory language and structure contemplate that the [EEOC] will issue right to sue notices in cases involving a governmental unit when it does not find probable cause").  We need not address this question because Lall received a letter from both the EEOC and DOJ.

therefore "received" those letters that day. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181–83 (7th Cir. 2021). It is unclear whether Lall received a copy of the EEOC NRTS at some earlier date as well. Therefore, assuming without deciding that the 90-day filing deadline is calculated from April 17, 2024—the latest possible date Lall received a letter arguably capable of triggering the filing window—Lall would have needed to file by July 16, 2024. Therefore, his July 17, 2024, complaint was untimely.

Second, the district court properly concluded that none of Lall's arguments for equitable tolling warranted this "rare and exceptional" relief. *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (citation omitted). Lall argued that he was entitled to equitable tolling because he received a phone call from the EEOC on July 17, 2024, and was told to file his lawsuit promptly (and did so). He also argued that a court employee told him upon filing that his complaint was timely. As the district court explained, the fact that Lall spoke with an EEOC representative on July 17, 2024, does not explain why Lall did not file before that date. And, similarly, any confirmation

5

from a court employee (of which there is no record) would not change the fact that Lall's complaint was already untimely at that point.

On appeal, Lall raises additional equitable tolling arguments that he did not raise in his opposition below.   However, we generally "will not consider an issue raised for the first time on appeal."   *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006) (citation omitted).   Even were we to consider those arguments, Lall has not come forward with a basis on which he is entitled to such relief.

Finally, the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over any claims arising under state or local law because it "'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'"   *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting 28 U.S.C. § 1367(c)(3)).

We have considered Lall's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6