In the

# United States Court of Appeals

## for the Seventh Circuit

_____

No. 24-2320

MOHAMED M. MUTHANA, et al.,

*Plaintiffs-Appellants*,

*v.*

MARKWAYNE MULLIN,
Secretary of Homeland Security,* et al.,

*Defendants-Appellees*.

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 22 cv 2200 — **LaShonda A. Hunt**, *Judge*.

_____

SUBMITTED JANUARY 17, 2025 — DECIDED APRIL 1, 2026

_____

Before SYKES, HAMILTON, and PRYOR, *Circuit Judges*.

SYKES, *Circuit Judge*. Mohamed Muthana, a native of
Yemen, became a United States citizen in 2001. Early in 2002
he filed I-130 visa petitions for the benefit of several family
members—including, as relevant here, his stepdaughter

_____

* We have substituted Markwayne Mullin, the current Secretary of
Homeland Security. *See* FED. R. APP. P. 43(c)(2).

Halimah. An I-130 petition is the first step in the family-based immigration process and establishes the petitioner's citizenship and familial relationship to the beneficiary.

In September 2002 the Immigration and Naturalization Service ("INS") sent Muthana a notice of intent to deny the petitions and gave him 90 days to submit additional evidence establishing the claimed familial relationships. Muthana did not respond, so INS sent him a letter denying the petitions.

Twenty years later Muthana sued the Secretary of Homeland Security and other officials claiming that he never received these documents because the INS mistakenly sent them to 4737 N. Kildare Avenue in Chicago, an address where he never lived. The complaint sought to reopen the I-130 proceedings relating to Halimah—the other family beneficiaries had since obtained visas—and alleged that the lack of notice violated due process and the Administrative Procedure Act ("APA"). Muthana attached a copy of the relevant I-130 petition, but the address portion was conspicuously redacted.

The redaction was odd because Muthana's claims rested entirely on his allegation that the INS had made an address error. The defendants answered and moved for judgment on the pleadings, submitting an unredacted copy of Muthana's I-130 with their responsive pleadings. The unredacted petition shows that Muthana listed 4737 N. Kildare Avenue in Chicago as his address.

Muthana filed a superficial response that did not engage with the decisive effect of the unredacted I-130 petition. The judge held a hearing, but Muthana's attorney did not appear. Because the unredacted I-130 petition conclusively refuted the

factual basis of Muthana's claims, the judge entered judgment for the defendants.

Muthana appealed; but like his approach in the district court, his perfunctory appellate brief does not address the dispositive effect of the unredacted I-130. By failing to offer any meaningful argument—either in the district court *or* on appeal—he has doubly waived any challenge to the judgment. We affirm.

## I. Background

This case comes to us from a judgment on the pleadings, so we draw the relevant background from the pleadings, attached exhibits, and the procedural record. Mohamed Muthana is a native of Yemen and became a U.S. citizen in 2001. In early 2002 he filed I-130 visa petitions on behalf of several family members. An I-130 Petition for Alien Relative begins the immigration process for family members of U.S. citizens by establishing the petitioner's U.S. citizenship and a qualifying familial relationship between the petitioner and the named beneficiary.

At issue here is Muthana's I-130 petition naming Halimah Yousef Saleh Muthana as the beneficiary. Filed at the United States Embassy in Sana'a, Yemen, on February 11, 2002, the petition identifies Halimah as Muthana's child by adoption with a date of birth in 1994. Because of an apparent clerical error, the petition was date-stamped February 11, *2012* (instead of *2002*).

At the same time, Muthana also filed I-130 petitions for the benefit of his wife, Hwaida Qasem—Halimah's mother—and the couple's two young sons. The visa process included an interview with a consular officer at the embassy. Muthana,

Hwaida, and seven-year-old Halimah attended; it's not clear if the couple's two sons were there too.

On September 26, 2002, the INS issued a notice of intent to deny the petitions. The notice cited several indicators of fraud based on the consular interview and documents Muthana and Hwaida had submitted in connection with the petitions. The agency gave Muthana a 90-day deadline to submit DNA evidence and other documentation to establish the identities and familial relationships of the beneficiaries. The notice was mailed to Muthana at 4737 N. Kildare Avenue in Chicago. However, Muthana's first and middle names were transposed: the notice was directed to "Mahmood Mohamed Muthana" at the Kildare Avenue address.

Muthana did not respond to the notice, so on January 16, 2003, the petitions were denied. The agency mailed the denial letter to Muthana at the same Kildare Avenue address.

Hwaida and the couple's two sons eventually obtained visas. In 2018 Hwaida became a U.S. citizen, and the couple's other children are now also citizens or lawful permanent residents.

In the ensuing years, Muthana and Hwaida occasionally made inquiries about the status of Halimah's petition but received no meaningful response. In 2019 they obtained counsel and filed a request under the Freedom of Information Act for records related to the petition. In 2021 the United States Citizenship and Immigration Services ("USCIS")—the component agency within DHS that assumed the functions of the INS when it dissolved in 2003—responded and produced copies of (among other documents) the September 2002 notice

of intent to deny the petitions and the January 2003 denial letter.

In 2022 Muthana sued the DHS Secretary and other high-ranking federal officials claiming that he never received these notices because they were mistakenly addressed to 4737 N. Kildare Avenue, an address where he never lived. He alleged that he lived at 4858 N. Kilbourn Street in Chicago during the time in question. He asserted that the lack of notice violated the Fifth Amendment's Due Process Clause and the APA.[1]

Muthana's suit sought to reopen his 2002 I-130 petition to allow Halimah, now married with her own children, to seek a family-based visa. Muthana attached a copy of the petition as an exhibit to his complaint. Curiously, however, he masked the part of the petition where he listed his address. As we've noted, there is one more anomaly: the petition bears a file-stamped date of February 11, 2012—an obvious clerical error, as Muthana explained in his complaint. The complaint also names Hwaida and Halimah as additional plaintiffs. They raised no independent claims, so for simplicity we'll continue to refer to Muthana as the only plaintiff.

The defendants moved to dismiss the complaint for failure to state a claim and as time-barred under the six-year statute of limitations. *See* FED. R. CIV. P. 12(b)(6). Muthana responded with an amended complaint containing the same allegations as the first, but with additional contentions aimed at fending off dismissal based on untimeliness. Importantly for our

---

[1] He also alleged that requiring DNA evidence in connection with an I-130 petition violates the APA. Muthana has not pressed this claim on appeal, so we consider it abandoned.

purposes, Muthana repeated his allegations that he resided at 4858 N. Kilbourn Street at the relevant time and never lived at 4737 N. Kildare Avenue. Like his original complaint, he attached a copy of the I-130 petition he had filed on Halimah's behalf—but once again with the address portion redacted. And he again explained that the 2012 date stamp was an obvious clerical error, pointing out that various details on the face of the petition—notably, the case identification number and the issuing agency (the INS)—showed that he had indeed filed it in 2002. (As we've noted, the INS was dissolved in 2003.)

The defendants moved to dismiss the amended complaint, reasserting the arguments in their previous motion that the suit was time-barred and that the allegations failed to state a claim. The district judge denied the motion, reasoning that the amended complaint plausibly supported the application of the discovery rule or equitable tolling and that the allegations were otherwise sufficient to survive dismissal.

The defendants then filed an answer and moved for judgment on the pleadings. *See id.* R. 12(c). They attached an unredacted copy of the I-130 petition Muthana had filed in February 2002 for Halimah's benefit. The unredacted petition shows that Muthana had in fact listed 4737 N. Kildare Avenue as his address, confirming that the INS's notices had not been misdirected but rather had been sent to the address that Muthana himself had provided. Because the unredacted I-130 defeated the key factual premise of Muthana's claims, the defendants argued that they were entitled to judgment as a matter of law.

Muthana filed a cursory written response to the motion, but it was a confusing jumble and did not meaningfully

engage with the dispositive effect of the unredacted I-130. Although he had alleged in both versions of his complaint that he filed the I-130 petition for Halimah's benefit in 2002 and that the 2012 date stamp was an obvious clerical error, Muthana now hinted—bizarrely—that the 2012 date stamp showed that the petition was unreliable. He also submitted a photograph of a single page of what he claimed was a Form DS-230—an Application for Immigrant Visa and Alien Registration—that he said he had filed for the benefit of his wife in 2002. In the box asking the applicant to list all residential addresses during the last five years, the 4858 N. Kilbourn address appeared, followed by a date range of January 1997 to the "present." This document, Muthana insisted, showed that he resided at the Kilbourn address at the time in question.

The district judge held a hearing on the motion, but neither Muthana nor his counsel appeared. The judge proceeded without them, and the defendants' counsel focused on two key documents: the unredacted I-130 petition and the partial document that Muthana claimed was a DS-230 application he filed for his wife in 2002. As counsel explained, the 2012 date stamp was unquestionably a clerical error and the I-130 petition could be reliably dated to 2002—not only because Muthana had acknowledged as much in both versions of his complaint but also because the issuing agency, the INS, had ceased to exist in 2003 and the case identification number included 2002 as the filing year.

Turning to the photo of a single page of what Muthana claimed was a 2002 DS-230 application, counsel explained that this new exhibit was in fact Muthana's own N-400 Application for Naturalization filed in 1999. That much was

clear from the photo itself: indeed, the bottom left corner identified the document as a Form N-400. So the photo did not cast doubt on the Kildare Avenue address Muthana had listed on the 2002 I-130 petition.

The judge agreed across the board but requested additional confirmation in the form of an affidavit from an agency official. The judge explained that she would grant the government's motion for judgment on the pleadings if the affidavit was sufficient, absent an objection from Muthana. The judge entered a minute order explaining her ruling. After the hearing, Muthana's counsel contacted the court and was referred to the judge's minute order.

Two weeks later the government filed an affidavit from a USCIS official who attested that the I-130 petition submitted with the defendants' answer and motion was in fact Muthana's 2002 petition and explained why the 2012 date stamp was a clerical error. The affidavit also confirmed that the exhibit Muthana had submitted with his response to the motion was a photo of a page from his own Form N-400 filed in 1999—not a 2002 DS-230 Form for the benefit of his wife, as he had claimed.

Muthana did not respond. Finding the affidavit sufficient, and with no objection from Muthana, the judge granted the motion for judgment on the pleadings and entered judgment for the defendants.

## II. Discussion

We review a judgment on the pleadings de novo. *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). "The only difference between a motion for judgment on the pleadings and a motion to dismiss is timing,"

*id.*, so the standards for evaluating a Rule 12(b)(6) motion to dismiss also govern a Rule 12(c) motion for judgment on the pleadings, *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). Judgment on the pleadings is appropriate if there are no material issues of fact to be resolved and the moving party is entitled to judgment as a matter of law. *Federated Mut. Ins. Co.*, 983 F.3d at 313.

The court's review of a motion to dismiss—and by extension, a motion for judgment on the pleadings—includes "not only the complaint itself, but also documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013) (quotation omitted). When an exhibit is incorporated into the pleadings, the court is "not bound to accept the pleader's allegations as to the effect of the exhibit, but can independently examine the document." *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 505 (7th Cir. 2013) (quotation omitted).

This case centers on Muthana's allegation that he never received the INS's notice of intent to deny his I-130 petition or the later denial letter because the agency mistakenly addressed it to 4737 N. Kildare Avenue, an address where he claimed he never lived. He frames this alleged lack of notice as a violation of due process and the APA.

The Fifth Amendment's guarantee of due process requires only notice that is "reasonably calculated" to reach the recipient. *Ho v. Donovan*, 569 F.3d 677, 680 (7th Cir. 2009) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). In the context of immigration proceedings, this requires "only that the government attempt to deliver notice

to the last address provided" by the applicant seeking benefits or relief. *Patel v. Holder*, 563 F.3d 565, 568 (7th Cir. 2009).

Accordingly, this case turns on whether Muthana provided the Kildare Avenue address to the INS. He did. As the district judge concluded, Muthana's unredacted I-130 petition and the supporting affidavit from the USCIS official conclusively establish that Muthana indeed provided the Kildare Avenue address to the INS.

Muthana has not meaningfully contested the point, either in the district court or on appeal. His written response to the defendants' motion for judgment on the pleadings was perfunctory and did not engage with the conclusive effect of his unredacted I-130 petition. He skipped the hearing on the motion and neither responded to the judge's minute entry nor objected to the supplemental affidavit from the USCIS official.

His approach to this appeal has been similarly nonresponsive. He has not addressed the judge's conclusion that the unredacted I-130 decisively refutes his key factual premise. He has not developed a meaningful argument on his due-process claim and has not addressed the substance of the APA claim at all. Instead, he offers only a highly generalized argument that a "multitude" of unidentified factual questions remain and accuses the judge of ruling prematurely, depriving him of discovery. This complete lack of engagement constitutes waiver. *See Bradley v. Village of University Park*, 59 F.4th 887, 897 (7th Cir. 2023).

To the extent that this appeal can be generously construed as an underdeveloped procedural objection to the judge's approach to the Rule 12(c) motion, it's a nonstarter. It's true that the judge considered two documents that were not part

of Muthana's complaint: the unredacted copy of his I-130 petition and the affidavit from the USCIS official. When a party presents matters outside the pleadings on a Rule 12(b)(6) or Rule 12(c) motion, the judge ordinarily should treat the motion as one for summary judgment and permit a reasonable opportunity to present other material. FED. R. CIV. P. 12(d); *Federated Mut. Ins. Co.*, 983 F.3d at 313. But that rule does not apply here for two reasons.

First, as we've explained, Muthana waived any procedural challenge to the judge's actions by failing to object in the district court and again by failing to adequately develop a procedural argument on appeal. *See Bradley*, 59 F.4th at 897. Second, the judge was entitled to consider these two documents in any event. Starting with the unredacted I-130: it was simply a more complete version of the same document that Muthana himself had attached to his complaint. Under the incorporation-by-reference doctrine, a court may consider authentic documents not attached to a complaint so long as they are referenced in it and are central to the plaintiff's claim. *Fin. Fiduciaries, LLC v. Gannett Co.*, 46 F.4th 654, 663 (7th Cir. 2022). To qualify, the documents must be indisputably authentic, either because the plaintiff concedes as much, *id.*, or because their authenticity is "not in doubt," *Chemetall GMBH v. ZR Energy, Inc.*, 320 F.3d 714, 718 n.4 (7th Cir. 2003).

Although this principle is typically invoked when a plaintiff completely omits a document that undermines his case, *see Fin. Fiduciaries, LLC*, 46 F.4th at 663, it applies with equal force when the plaintiff instead attaches and incorporates only a partial or truncated version of a key document. In the latter situation, we've held that the court may consider a complete version of the document submitted

in response. *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661–62 (7th Cir. 2002) (when the plaintiff's complaint attached only part of a contract, the court could consider the whole contract); *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (same for a contract referenced only in part); *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994) (same). Just as a plaintiff may not skirt an adverse judgment by "failing to attach to his complaint a document that prove[s] his claim has no merit," *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (alteration in original) (quotation omitted), so too, he cannot achieve the same result by presenting only a partial version of the document. Omissions and partial omissions are treated the same.

To recap, Muthana attached a redacted version of his I-130 petition to his complaint, masking the address field—a critical part of the document given the nature of his claims. Because the government's version of the document simply filled that gap, the district judge was entitled to consider it. There's no reason to doubt the authenticity of the unredacted I-130. Notwithstanding Muthana's bizarre shift in position later in the litigation, he confirmed in his initial and amended complaints that he filed the petition in 2002 and attributed the 2012 date stamp to a clerical error. We may hold Muthana to his initial assertion. *See Moran v. Calumet City*, 54 F.4th 483, 494 (7th Cir. 2022). Moreover, by not challenging the authenticity of the unredacted I-130 on appeal, he has effectively conceded the point.

As for the USCIS affidavit, district courts may consider affidavits to confirm the authenticity of documents subject to the incorporation-by-reference doctrine. *Wright*, 29 F.3d at

1248. We've also held that it's permissible to consider an affidavit that merely confirms "fact[s] obviously known to the district court." *Winterland Concessions Co. v. Trela*, 735 F.2d 257, 260 n.1 (7th Cir. 1984). This affidavit did just that. It introduced no new information and simply confirmed what the record already made plain: (1) the I-130 at the heart of this case was filed in 2002; and (2) the exhibit Muthana submitted to try to avert an adverse judgment was a photo of a single page in his own 1999 naturalization application, not a supposed 2002 DS-230 Form for the benefit of his wife, as he claimed.

Accordingly, the judge properly granted the defendants' motion for judgment on the pleadings.

AFFIRMED